**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

MACHELLE JOSEPH,

     *Plaintiff*,

     v.

BOARD OF REGENTS OF THE
UNIVERSITY SYSTEM OF GEORGIA;
GEORGIA TECH ATHLETIC
ASSOCIATION; GEORGE P. PETERSON,
in his individual capacity; M. TODD
STANSBURY, in his individual capacity;
MARVIN LEWIS, in his individual
capacity; and SHOSHANNA ENGEL, in
her individual capacity,

     *Defendants*.

Civil Action File No.
1:20-cv-00502-TCB

## DEFENDANT GEORGIA TECH ATHLETIC ASSOCIATION'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Georgia Tech Athletic Association ("GTAA"), by and through

the undersigned counsel, files this Answer and Defenses to the Complaint[1] filed by

Plaintiff MaChelle Joseph ("Plaintiff" or "Joseph") as follows:

---

[1] As set forth in GTAA's Partial Motion to Dismiss, filed simultaneously with this Answer, GTAA is moving to dismiss Counts One, Two, Three, Four, Nine, Eleven, Twelve, Thirteen, and Fourteen of Plaintiff's Complaint. The answers provided herein do not waive any argument presented in GTAA's Partial Motion to Dismiss.

## PRELIMINARY STATEMENT AND INTRODUCTION

1.

GTAA admits that Joseph was the Head Coach of the Georgia Institute of Technology ("GT") Women's Basketball ("WBB") Team for approximately 16 years.  GTAA admits that as the longest-serving head coach of GT's WBB Team, she had more wins than any other head coach of GT's WBB Team.

2.

GTAA admits that in her first year as Head Coach, Joseph tied the records for most overall and conference victories by a first-year head coach at GT.  GTAA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2, and therefore denies them.

3.

GTAA denies the allegations in the first sentence of Paragraph 3.  GTAA admits that while Joseph was Head Coach, the WBB Team more than tripled its participation in the National Collegiate Athletic Association ("NCAA") tournament, including an appearance in the Sweet Sixteen.  GTAA admits that the GT WBB Team had a top-15 class in 2017 and a top-10 class in 2018.  GTAA admits that the 2018 GT WBB Team included two McDonald's All-Americans.

GTAA admits that in 2018, the GT WBB Team had its 300th win.  GTAA denies

the remaining allegations in Paragraph 3.

4.

GTAA denies the allegations in Paragraph 4.

5.

GTAA denies the allegations in Paragraph 5.

6.

GTAA denies the allegations in Paragraph 6.

7.

GTAA denies the allegations in Paragraph 7.

8.

GTAA denies the allegations in Paragraph 8.

9.

GTAA admits that Joseph filed an internal complaint on February 8, 2019.

GTAA denies the remaining allegations in Paragraph 9.

10.

GTAA admits that Joseph was placed on administrative leave with pay on

February 27, 2019 pending the results of an investigation regarding allegations of

inappropriate conduct by Joseph.  GTAA denies the remaining allegations in

Paragraph 10.

11.

GTAA admits that GT terminated Joseph's employment on March 26, 2019 for violations of the University System of Georgia Ethics Policy in connection with her abusive and unacceptable coaching practices. GTAA denies the remaining allegations in Paragraph 11.

12.

GTAA denies the allegations in Paragraph 12.

13.

GTAA admits that Joseph filed the instant Complaint. GTAA denies that it has violated any law or that Plaintiff is entitled to any damages, equitable relief, or relief of any kind under any law.

**JURISDICTION AND VENUE**

14.

GTAA admits that this Court has jurisdiction over this Complaint.

15.

GTAA admits that that the Northern District of Georgia is the proper venue for this action.

## PARTIES

16.

Upon information and belief, GTAA admits that Joseph is a citizen of the United States and an adult resident of the state of Florida.  GTAA admits that GTAA employed Joseph from approximately June 2001 to January 1, 2008, and that GT employed Joseph from approximately January 1, 2008 to March 26, 2019. GTAA admits that Joseph served as head coach of the GT WBB team prior to her termination.

17.

Upon information and belief, GTAA admits the first three sentences in paragraph 17.  GTAA admits that GT employs more than 15 employees and conducts business across the country, but denies the remaining allegations in Paragraph 17.

18.

GTAA admits that it is a non-profit corporation organized and existing under Georgia law.  GTAA further admits that its principal place of business is 150 Bobby Dodd Way, N.W. Atlanta, Georgia 30332 in Fulton County.  GTAA denies the remaining allegations in Paragraph 18.

19.

GTAA admits that Defendant Peterson is the former President of GT, who served in this capacity from 2009 to approximately August 2019.   The final sentence in Paragraph 19 is a characterization of Joseph's claim, to which no response is required.  GTAA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19, and therefore denies them.

20.

GTAA admits that Defendant M. Todd Stansbury ("Defendant Stansbury") is the Director of Athletics at GT.  GTAA denies that Defendant Stansbury holds the title of Chief Executive Officer of GTAA.  The final sentence in Paragraph 20 is a characterization of Joseph's claim, to which no response is required.  GTAA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20, and therefore denies them.

21.

GTAA admits the allegations in the first sentence of Paragraph 21.  GTAA admits that Defendant Lewis had the authority to make recommendations for funding allocations for GT's intercollegiate athletic programs to the GTAA Board of Trustees.  The final sentence in Paragraph 21 is a characterization of Joseph's

claim, to which no response is required.  GTAA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21, and therefore denies them.

22.

GTAA admits the allegations in the first sentence of Paragraph 22 except that Defendant Engel is GT's Associate Athletic Director for Compliance.  The third sentence of Paragraph 22 is a characterization of Joseph's claim, to which no response is required.  GTAA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22, and therefore denies them.

**ADMINISTRATIVE PROCEDURES**

23.

GTAA admits that Joseph filed EEOC Charges on both April 16, 2019 and May 13, 2019.  GTAA denies that Joseph filed her EEOC Charges within 180 days of all discriminatory and retaliatory acts about which she complains.

24.

GTAA admits that the EEOC issued a Notice of Right to Sue dated November 14, 2019 as to both the April 16, 2019 and May 13, 2019 Charges. GTAA lacks knowledge or information sufficient to form a belief as to when

Joseph received her Notice of Right to Sue.  GTAA admits that Joseph filed this action within 90 days of the EEOC's issuance of a Notice of Right to Sue.

## FACTUAL ALLEGATIONS[2]

### 25.

Upon information and belief, GTAA admits the allegations in Paragraph 25.

### 26.

Upon information and belief, GTAA admits the allegations in Paragraph 26.

### 27.

GTAA admits that it is a non-profit corporation responsible for administering the intercollegiate athletic program at GT.  GTAA admits that its purpose is to promote the educational program of GT by affording facilities for and encouraging participation by the student body in healthful exercises, recreation, athletic games, and contests.  GTAA denies the remaining allegations in Paragraph 27.

---

[2] Joseph has included numerous headings throughout her Complaint. Some are neutral and common—i.e., "Parties" and "Jurisdiction and Venue"—while others imply wrongdoing on behalf of Defendants. *See, e.g.,* Compl., pp. 8, 10, 19.  Due to these implications, many headings are not repeated herein, and to the extent any headings can be construed as allegations, GTAA denies that it has violated Plaintiff's rights in any way or that she is entitled to any relief whatsoever.

28.

GTAA admits that GT provides limited support to GTAA in the form of tuition waivers for some student athletes, reductions in facility utility bills, and student athletic fees.  GTAA denies the remaining allegations in Paragraph 28.

29.

GTAA denies the allegations in Paragraph 29.

30.

GTAA admits that it enters into contracts with head coaches, assistant coaches, and the GT Athletic Director regarding their employment by GT.  GTAA denies that it employs any individuals, including those with whom it enters into contracts, as those individuals are employed by GT.  GTAA admits that its contracts with head coaches, assistant coaches, and the GT Athletic Director, all of whom are employees of GT, require those individuals to abide by all applicable laws, rules, and regulations, including the rules and policies of the National Collegiate Athletic Association, Atlantic Coast Conference, GT, and GTAA. GTAA denies the remaining allegations in Paragraph 30.

31.

GTAA admits that it provides benefits to the individuals with whom it enters into contracts, which are additional and supplemental to the salaries that those individuals receive from GT.  GTAA denies any suggestion that it pays the salaries

of or issues W-2 forms to any individual.  GTAA admits that it has the right to terminate the contracts of individuals with whom it enters into contracts regarding their employment by GT, or to impose lesser discipline for breach of contract. GTAA denies that it has the authority to terminate the employment of any individual, including the individuals with whom it enters into contracts regarding their employment by GT.

32.

GTAA admits that it is a non-profit corporation responsible for administering the intercollegiate athletic program at GT.  GTAA admits that it provides monetary support for GT's athletic activities, GT's athletic facilities maintenance and enhancements, and for grants and scholarships to GT's student-athletes.

33.

GTAA admits that GTAA hired Joseph in approximately June 2001 as an Assistant Coach on the WBB team.

34.

GTAA admits that GTAA promoted Joseph to Head Coach of the WBB team in May 2003.

35.

GTAA denies the allegations in Paragraph 35.

36.

GTAA admits that on October 10, 2014, GT offered to renew Joseph's employment as Head Coach of the WBB team and provided her an offer letter setting forth some of the terms of her employment.

37.

GTAA admits that a copy of the October 10, 2014 offer letter is attached to Plaintiff's Complaint as Exhibit A.  To the extent the Exhibit is used to support any allegations set forth against GTAA, those allegations are denied.

38.

GTAA admits that GTAA and Joseph entered into a six-year contract regarding Joseph's employment by GT on October 20, 2014 and that the contract was effective until March 31, 2020.  GTAA denies that it acted on behalf of GT.

39.

GTAA admits that its contract with Joseph regarding her employment by GT could be terminated prior to the end of the contract term without financial penalty for "Good Cause."

40.

GTAA admits that a copy of GTAA's contract with Joseph regarding her employment by GT is attached to Joseph's Complaint as Exhibit B.  To the extent

the Exhibit is used to support any allegations set forth against GTAA, those allegations are denied.

41.

GTAA admits that GTAA employed Joseph from approximately June 2001 to January 1, 2008, and that GT employed Joseph from approximately January 1, 2008 to March 26, 2019.

42.

GTAA admits that GTAA employed Joseph from approximately June 2001 to January 1, 2008, and that GT employed Joseph from approximately January 1, 2008 to March 26, 2019.  GTAA denies the allegations in Paragraph 42 regarding GTAA with respect to the period of time during which GT was Joseph's employer. GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 regarding GT, and therefore denies them.

43.

GTAA admits that Joseph's Offer Letter from GT and Joseph's contract with GTAA regarding her employment by GT set forth her duties as Head Women's Basketball Coach at GT.  GTAA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against GT, and therefore denies

them.  GTAA denies the remaining allegations in Paragraph 43 regarding GTAA with respect to the period of time during which GT was Joseph's employer.

44.

GTAA admits that GT required Joseph to abide by its rules and policies. GTAA admits that Joseph's contract with GTAA regarding her employment by GT required her to abide by all applicable laws, rules, and regulations, including the rules and policies of the National Collegiate Athletic Association, Atlantic Coast Conference, GT, and GTAA.

45.

GTAA admits that, pursuant to its contract with Joseph regarding her employment by GT, it provided supplemental benefits to Joseph in addition to the salary that she received from GT.  GTAA denies any suggestion that, pursuant to its contract with Joseph regarding her employment by GT, it paid Joseph's salary or issued her a W-2 form.

46.

GTAA denies the allegations in Paragraph 46.

47.

GTAA admits that it maintained a file on Joseph.  GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations against GT, and therefore denies them.

48.

GTAA admits that GT had the right to discipline Joseph and terminate her employment.   GTAA admits that its contract with Joseph regarding her employment by GT provided GTAA with the right to terminate the contract or impose lesser discipline for a breach of the contract.   GTAA denies that it had the power to terminate Joseph's employment in the time period during which GT was Joseph's employer.

49.

GTAA admits that the GT Athletics Department maintains a website at http://www.ramblinwreck.com.   GTAA admits that its LinkedIn page contains reference to a number of employees who work in GT's Athletic Department. GTAA denies any suggestion that it has any employees, as all employees who work in GT's Athletic Department are employees of GT.   GTAA denies the remaining allegations in Paragraph 49.

50.

GTAA denies the first sentence of Paragraph 50.   GTAA admits that GT paid Joseph less than it paid the Head Coach of the MBB Team, but denies the accuracy of the salary figures set forth in Paragraph 50.   GTAA denies any

suggestion in Paragraph 50 that it paid the salary of or issued W-2 forms to any GT employees during the time discussed in Paragraph 50.

51.

GTAA denies the allegations in Paragraph 51.

**Provision of Locker Rooms and Other Facilities**

52.

GTAA denies the allegations in Paragraph 52.

53.

GTAA admits the allegations in Paragraph 53, except that the WBB Team primarily practiced at McCamish Pavilion while Joseph was Head Coach.

54.

GTAA denies the allegations in the first sentence of Paragraph 54.  GTAA admits that the WBB program was not required to use fundraising dollars for certain infrastructure-related updates to the WBB locker room, including the installation of new carpet.  GTAA admits that both the WBB and Men's Basketball ("MBB") programs were required to use fundraising dollars for certain updates to their respective locker rooms.  GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, and therefore denies them.

55.

GTAA denies the allegations in the first sentence of Paragraph 55.  GTAA admits that the WBB laundry room had one washer and one dryer, and denies the remaining allegations in the second sentence of Paragraph 55.  GTAA admits that WBB coaching staff shared one locker room and shower space.  GTAA denies the allegations in the fourth sentence in Paragraph 55.

56.

GTAA admits that the MBB Teams locker room was larger than the WBB Team's locker room.  GTAA admits that both the WBB and MBB locker rooms had office space for coaches, game rooms, nutrition spaces, cold tubs, training and equipment space, and recovery chairs.  GTAA admits that the MBB Team had a pool table in its locker room.  GTAA denies the remaining allegations Paragraph 56.

57.

GTAA denies the allegations in the first sentence of Paragraph 57.

58.

GTAA admits that the MBB team's locker room is located in closer proximity to the Zelnak practice facility than the WBB team's locker room. GTAA denies that the MBB locker room has a door providing direct access to the Zelnak practice facility.  GTAA denies that the WBB Team has to travel through

the MBB locker room to access the Zelnak practice facility.  GTAA admits that the WBB team can access the Zelnak practice facility by traveling through the MBB NBA Player's Lounge, traveling through the Callaway Club hospitality suites, or entering Zelnak from the front door.  GTAA admits that the WBB Team primarily practiced at McCamish Pavilion while Joseph was Head Coach.  GTAA denies the remaining allegations in Paragraph 58.

59.

GTAA denies the allegations in Paragraph 59.

60.

GTAA admits that both the MBB and WBB coaches have office space in their respective locker rooms.   GTAA denies the remaining allegations in Paragraph 60.

61.

GTAA admits that the MBB team and WBB team have office space in the Edge Building.  GTAA admits that the MBB team had more office space than the WBB team.  GTAA admits that two WBB staff members shared office space. GTAA denies the remaining allegations in Paragraph 61.

62.

GTAA admits that the MBB team had more office space than the WBB team.  GTAA admits that each MBB staff member had their own dedicated office.

GTAA admits that the WBB and MBB teams had comparable conference rooms and spaces for coaches.  GTAA denies the remaining allegations in Paragraph 62.

63.

GTAA admits that, at the time of Joseph's termination, upgrades to the WBB locker room were planned but had not yet commenced.

64.

GTAA denies the allegations in Paragraph 64.

65.

GTAA denies the allegations in Paragraph 65.

66.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 66, and therefore denies them.  GTAA denies the remaining allegations in Paragraph 66.

**Publicity**

67.

GTAA denies the allegations in Paragraph 67.

68.

GTAA admits that in 2018-2019, the WBB Team's marketing budget was $22,000.  GTAA denies the remaining allegations in Paragraph 68.

69.

GTAA admits that both the MBB team and the WBB team had their own marketing budgets and used funds from a general marketing account to support external advertising efforts.

70.

GTAA admits that in 2018-2019, one full-time marketing assistant in the marketing department was dedicated to WBB team marketing. GTAA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 70, and therefore denies them.

71.

GTAA denies that the WBB Team lacked the support of a dedicated marketing team. GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71, and therefore denies them.

72.

GTAA admits that the MBB team received more marketing dollars annually than the WBB team, and that the MBB team generates more revenue annually than the WBB team. GTAA admits that the MBB team used marketing dollars for billboard advertisements and product giveaways. GTAA denies the remaining allegations in Paragraph 72.

73.

GTAA denies the allegations in the first sentence of Paragraph 73.  GTAA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 73, and therefore denies them.

74.

GTAA admits that the Aspire Group is contractually obligated to sell tickets only for the MBB and football teams.  GTAA denies the remaining allegations in Paragraph 74.

75.

GTAA admits that the Callaway Club hospitality suite was not available to WBB premium seat holders due to a lack of demand to meet the costs of operating the suite.  GTAA denies the remaining allegations in Paragraph 75.

76.

GTAA denies the allegations in Paragraph 76.

77.

GTAA denies the allegations in Paragraph 77.

78.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 78, and therefore denies them.  GTAA denies the remaining allegations in Paragraph 78.

**Assignment and Compensation for Coaches and Staff**

79.

GTAA denies the allegations in Paragraph 79.

80.

GTAA admits that assistant coach salaries for the MBB team are higher than assistant coach salaries for the WBB team. GTAA denies the remaining allegations in Paragraph 80.

81.

GTAA admits the allegations in Paragraph 81.

82.

GTAA admits that the assistant coach salary pool for the WBB Team decreased by 2% in 2017-2018.

83.

GTAA denies the allegations in Paragraph 83.

84.

GTAA denies the allegations in Paragraph 84.

85.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence on Paragraph 85, and therefore denies them. GTAA denies the remaining allegations in Paragraph 85.

**Travel**

86.

GTAA denies the allegations in Paragraph 86.

87.

GTAA admits that over certain years, the WBB Team has been allocated less money for travel than the MBB team.  GTAA denies the allegations in Paragraph 87.

88.

GTAA denies the allegations in Paragraph 88.

89.

GTAA denies the allegations in Paragraph 89.

90.

GTAA denies the allegations in Paragraph 90.

91.

GTAA denies the allegations in Paragraph 91.

92.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence on Paragraph 92, and therefore denies them.  GTAA denies the remaining allegations in Paragraph 92.

93.

GTAA admits that while she was employed by GT, Joseph informally complained to supervisors and colleagues about the resources received by the WBB team.  GTAA denies the remaining allegations in Paragraph 93.

94.

GTAA denies the allegations in Paragraph 94.

95.

GTAA admits that GT hired Mike Bobinski to serve as GT's Athletic Director in January 2013.

96.

GTAA admits Mike Bobinski hired some new administrators in the Athletic Department after joining GT.  GTAA admits that the Gender Equity and Minority Plan was adopted in response to a then-existing NCAA certification program requiring Division I institutions to assess gender equity performance.  GTAA denies the remaining allegations in Paragraph 96.

97.

GTAA denies the allegations in Paragraph 97.

98.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98, and therefore denies them.

99.

GTAA admits that prior to 2014, then-Associate Athletic Director of Finance and Administration Frank Hardymon oversaw finance in the Athletic Department. GTAA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 99, and therefore denies them.

100.

GTAA admits that it conducted and continues to conduct a financial equity analysis. GTAA denies the remaining allegations in Paragraph 100.

101.

GTAA admits that Mr. Bobinski hired Marvin Lewis, a former GT MBB player, in September 2014. GTAA admits that Mr. Lewis replaced Mr. Hardymon as Associate Athletic Director of Finance and Administration.

102.

GTAA admits that as Associate Athletic Director of Finance and Administration, Defendant Lewis met with individual coaches to develop a budget for each athletic program, which was subject to approval by the GTAA Board of Trustees. GTAA denies the remaining allegations in Paragraph 102.

103.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103, and therefore denies them.

104.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104, and therefore denies them.

105.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105, and therefore denies them.

106.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106, and therefore denies them.

## September 2015 - September 2016: The September 2015 Reprimand

107.

GTAA denies the allegations in Paragraph 107.

108.

GTAA admits that on September 14, 2015, Mr. Bobinski issued Joseph a reprimand for her alcohol consumption and resulting behavior at a football game on September 8, 2015.  GTAA denies the remaining allegations in Paragraph 108.

109.

GTAA admits that Ms. Wenzel resigned from employment effective January 4, 2016.  GTAA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 109, and therefore denies them.

110.

GTAA admits that on or around October 22, 2015, Defendant Engel recommended that the GTAA Board of Trustees amend its bylaws to align the language in the bylaws with then-current practices and requirements of NCAA membership.  GTAA admits that the GTAA Board of Trustees accepted Defendant Engel's recommendation but denies any suggestion that it eliminated any obligation to assess gender equity performance.  GTAA denies the remaining allegations in Paragraph 110.

111.

GTAA denies the allegations in Paragraph 111.

112.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112, and therefore denies them.

113.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113, and therefore denies them.

114.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114, and therefore denies them.

115.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115, and therefore denies them.

116.

GTAA admits that the WBB Team's assistant coach salary pool increased by $22,500 for the 2016-2017 budget cycle.  GTAA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 116, and therefore denies them.

117.

GTAA admits that the MBB Team's assistant coach salary pool increased by 35 percent, or by $190,000, for the 2016-2017 budget cycle.  GTAA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 117, and therefore denies them.

118.

GTAA denies the allegations in Paragraph 118.

119.

GTAA admits that Defendant Lewis was elevated to the position of MBB Sports Administrator in December 2016.

120.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120, and therefore denies them.

121.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121, and therefore denies them.

**September 2016 - December 2016:**
**The Ginger Sanford Investigation and Final Written Warning**

122.

GTAA admits that in August 2016, Office Manager/Administrative Coordinator Ginger Sanford filed an internal complaint against Joseph with the Office of Human Resources.  GTAA denies the remaining allegations in Paragraph 122.

123.

GTAA admits that Ms. Sanford's complaint accused Joseph of asking her to perform a substantial amount of personal work, among other complaints.  GTAA denies the remaining allegations in Paragraph 123.

124.

GTAA denies that it retained an outside lawyer to investigate Ms. Sanford's allegations.  GTAA admits that, upon information and belief, GT retained an outside investigator to investigate Ms. Sanford's allegations.  GTAA lacks knowledge or information sufficient to form a belief as the truth of the remaining allegations in Paragraph 124, and therefore denies them.

125.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125, and therefore denies them.

126.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126, and therefore denies them.

127.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127, and therefore denies them.

128.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128, and therefore denies them.

129.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129, and therefore denies them.

130.

GTAA admits that Ms. Akin issued a Final Written Warning on November 29, 2016, which stated that Joseph had violated the University System of Georgia's Ethics Policy.  GTAA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 130, and therefore denies them.

131.

GTAA admits that in a letter dated January 31, 2017, Joseph responded to the Final Written Warning.

132.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132, and therefore denies them.

133.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133, and therefore denies them.

134.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134, and therefore denies them.

135.

Paragraph 135 purports to characterize a written document, which speaks for itself; therefore, no response is required.   To the extent a response is required, GTAA denies any characterization contrary to the terms of the document.

136.

GTAA admits that it did not retain outside counsel to investigate concerns raised by Joseph to Ms. Akin regarding Ms. Engel and Mr. Lewis's relationship. GTAA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 136, and therefore denies them.

**February 2017 - March 2018**

137.

GTAA denies the allegations in paragraph 137.

138.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138, and therefore denies them.

139.

GTAA denies the allegations in Paragraph 139.

140.

Paragraph 140 purports to characterize a written document, which speaks for itself; therefore, no response is required.   To the extent a response is required, GTAA denies any characterization contrary to the terms of the document.

141.

GTAA admits that GTAA did not engage in contract negotiations with Joseph after the 2016-2017 season.   GTAA denies the remaining allegations in Paragraph 141 against GTAA.  GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 against GT, and therefore denies them.

142.

GTAA denies the allegations in Paragraph 142 against GTAA.  GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 against GT, and therefore denies them.

143.

GTAA denies the allegations in Paragraph 143.

144.

GTAA admits the allegations in Paragraph 144.

145.

GTAA admits that on October 4, 2017 the GT Athletics Department announced that Coach Pastner's original contract had been extended by one year. GTAA admits that the addendum extending Coach Pastner's original contract with GTAA provided for a $500,000 retention bonus if he remained the head coach through the end of the 2021-2022 season.

146.

GTAA admits that Defendant Peterson and Defendant Stansbury made the quoted statements. GTAA denies the remaining allegations in Paragraph 146.

147.

GTAA denies the allegations in Paragraph 147.

148.

GTAA admits that in or around April 2018, after the 2017-2018 season came to a close, Joseph, through her agent, again initiated contract extension discussions with the new Deputy Director of Athletics and WBB Sports Administrator, Mark Rountree.

149.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149, and therefore denies them.

**May 2018 - November 2018**

150.

GTAA denies the allegations in Paragraph 150.

151.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151, and therefore denies them.

152.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152, and therefore denies them.

153.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153, and therefore denies them.

154.

GTAA denies the allegations in Paragraph 154.

155.

GTAA denies that there was "growing hostility" toward her.  GTAA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 155, and therefore denies them.

156.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156, and therefore denies them.

157.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157, and therefore denies them.

158.

GTAA denies the allegations in the first sentence of Paragraph 158.  GTAA admits that on June 20, 2018, Rob Norris resigned.  GTAA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 158, and therefore denies them.

159.

GTAA denies that it requested that the NCAA open up a formal investigation regarding the Player 2 issue or the WBB program.  GTAA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 159, and therefore denies them.

160.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160, and therefore denies them.

161.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161, and therefore denies them.

162.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162, and therefore denies them.

163.

GTAA admits that Joseph met with Defendant Stansbury and Mr. Rountree on July 25, 2018 and raised concerns about Defendant Engel and Defendant Lewis. GTAA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 163, and therefore denies them.

164.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164, and therefore denies them.

165.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165, and therefore denies them.

166.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166, and therefore denies them.

167.

GTAA denies the allegations in the first sentence of Paragraph 167.  GTAA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 167, and therefore denies them.

168.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168, and therefore denies them.

169.

GTAA denies the allegations in Paragraph 169.

170.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170, and therefore denies them.

171.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171, and therefore denies them.

172.

GTAA admits that on November 21, 2018, Joseph, through her attorney, sent a letter to Defendant Peterson alleging retaliation and discrimination and discussing her contract renewal.  GTAA denies the remaining allegations in Paragraph 172.

173.

GTAA admits that it did not respond to Joseph's November 21, 2018 letter to Defendant Peterson. GTAA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 173, and therefore denies them.

### December 2018 - March 2019

174.

GTAA denies the allegations in Paragraph 174.

175.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175, and therefore denies them.

176.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176, and therefore denies them.

177.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177, and therefore denies them.

178.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178, and therefore denies them.

179.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179, and therefore denies them.

180.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180, and therefore denies them.

181.

GTAA admits that on February 8, 2019, Joseph sent an internal complaint to Defendant Stansbury, Mr. Rountree, Ms. Akin, Executive Director of Compliance Burns Newsome, and Interim Vice President for Ethics, Compliance and Risk Management Aisha Oliver-Staley regarding alleged inequities between the Women's and Men's Basketball programs.   GTAA denies the remaining allegations in Paragraph 181.

182.

Upon information and belief, GTAA admits that on or around February 8, 2019, the NCAA notified GT's outside counsel that it had decided not pursue Level I or Level II violations against the WBB program.

183.

GTAA admits that Joseph's contract with GTAA regarding her employment by GT was not renewed.  GTAA denies the remaining allegations in Paragraph 183.

### 184.

GTAA denies the allegations in Paragraph 184.

### 185.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185, and therefore denies them.

### 186.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186, and therefore denies them.

### 187.

GTAA admits that on February 22, 2019, Joseph, through her attorney, sent a letter to Defendant Peterson, copying Defendant Stansbury, Mr. Rountree, Ms. Akin, and Ms. Oliver- Staley regarding GT's housing decision, and that the letter reflected Joseph's allegations of retaliatory and discriminatory treatment.  GTAA denies the remaining allegations in Paragraph 187.

### 188.

GTAA admits that Defendant Stansbury placed Joseph on administrative leave with pay on February 27, 2019 pending the results of an investigation

regarding allegations of inappropriate conduct by Joseph.  GTAA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 188.

189.

GTAA denies the allegations in Paragraph 189.

190.

Upon information and belief, GTAA admits that GT retained outside counsel to conduct an investigation into complaints by WBB players regarding Joseph's abusive behavior.

191.

GTAA denies the allegations in Paragraph 191.

192.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations against GT, and therefore denies them.  GTAA denies the remaining allegations in Paragraph 192.

193.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193, and therefore denies them.

194.

GTAA denies the allegations in Paragraph 194.

195.

Upon information and belief, GTAA admits that on March 15, 2019, GT disclosed that the NCAA had given notice of allegations involving the MBB program. GTAA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 195 and therefore denies them.

196.

GTAA admits that GTAA's contract with Coach Pastner regarding his employment by GT includes an affirmative obligation to monitor the MBB program for compliance matters and to follow the protocol for reporting and investigating violations. GTAA further admits that the contract states that the "Head Coach shall be responsible for violations by any coach, staff member or other person that reports directly or indirectly to the Head Coach, and shall be held accountable for all violations within the program." GTAA further admits that the contract includes numerous grounds which shall constitute cause for termination of the contract, including failure to render services or otherwise fulfill completely the duties and obligations established in the agreement. GTAA denies the remaining allegations in Paragraph 196.

197.

GTAA admits that Coach Pastner was not terminated.  GTAA denies the remaining allegations in Paragraph 197.

198.

GTAA admits that on March 20, 2019, Defendant Stansbury notified Joseph that the investigator had completed his investigation and concluded that Joseph had engaged in unacceptable coaching practices.  GTAA denies the remaining allegations in Paragraph 198.

199.

GTAA admits that Defendant Stansbury asked Joseph to respond to the March 20 Report by Monday, March 25, 2019.  GTAA admits that Defendant Stansbury scheduled a meeting to discuss the Report with her on Tuesday, March 26, 2019.  GTAA denies the remaining allegations in Paragraph 199.

200.

GTAA admits that Joseph submitted a response to the report on March 25, 2019.   Paragraph 200 purports to a characterize a written document, which speaks for itself; therefore, no response is required.  To the extent a response is required, GTAA denies any characterization contrary to the terms of the document.

201.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 201, and therefore denies them.

202.

GTAA admits that Athletic Director Todd Stansbury terminated Joseph's employment on March 26, 2019.   GTAA denies the allegations in the second sentence of Paragraph 202.  GTAA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations regarding Defendants Stansbury and Peterson, and therefore denies those allegations.

203.

GTAA admits that Joseph attaches letters from Athletic Director Todd Stansbury as Exhibits C and D, and that the letter at Exhibit C terminates Joseph's contract with GTAA regarding her employment by GT.  GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 203 regarding Defendant GT, and therefore denies those allegations.

204.

GTAA denies the allegations in Paragraph 204.

205.

GTAA denies the allegations in Paragraph 205.

206.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 206, and therefore denies them.

207.

GTAA admits that on March 27, 2019, Defendant Stansbury announced that GT had initiated a review of allegations of potential NCAA violations with the NCAA.  GTAA admits that those allegations were raised in the course of outside counsel's investigation regarding Joseph's abusive coaching practices.  GTAA denies the remaining allegations in Paragraph 207.

208.

GTAA denies the allegations in Paragraph 208.

209.

GTAA admits that on April 1, 2019, Joseph appealed her termination.

210.

GTAA admits that on April 9, 2019, Defendant Stansbury announced that Nell Fortner had been named head coach of the GT WBB team.  GTAA denies the remaining allegations in Paragraph 210.

211.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 211, and therefore denies them.

212.

GTAA admits that Coach Pastner is currently the Head Coach of the MBB Team.  GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212 regarding GT, and therefore denies those allegations.  GTAA denies the remaining allegations in Paragraph 212.

213.

GTAA denies the allegations in Paragraph 213.

214.

GTAA denies the allegations in Paragraph 214.

215.

GTAA denies the allegations in Paragraph 215.

216.

GTAA denies the allegations in Paragraph 216.

217.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 217, and therefore denies them.

218.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 218, and therefore denies them.

219.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 219, and therefore denies them.

220.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 220, and therefore denies them.

221.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 221, and therefore denies them.

222.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 222, and therefore denies them.

223.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 223, and therefore denies them.

224.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 224, and therefore denies them.

## CAUSES OF ACTION

### COUNT ONE:

### Discrimination on the Basis of Sex in Violation of Title IX of the Education Amendments Act of 1972, 20 U.S.C. §§ 1681, *et seq*. Against Defendants Board of Regents and GTAA.

225.

GTAA incorporates by reference its responses from Paragraphs 1 through 224.

226.

GTAA admits the allegations in Paragraph 226 but denies that Joseph is entitled to relief under Title IX or any other statute.

227.

Upon information and belief, GTAA admits that BOR is an educational institution that receives federal funding.

228.

GTAA denies the allegations in Paragraph 228.

229.

GTAA admits that Joseph was an employee of GT from January 1, 2008 until her termination.  GTAA denies that Joseph was an employee of GTAA during that time period.

230.

GTAA admits that Joseph is a female.   GTAA denies the remaining allegations in Paragraph 230.

231.

GTAA denies the allegations in Paragraph 231.

232.

GTAA denies the allegations in Paragraph 232.

233.

GTAA denies the allegations in Paragraph 233.

234.

GTAA denies the allegations in Paragraph 234.

**COUNT TWO:**

**Discrimination on the Basis of the Sex and Association with a Protected Class (Women) in Violation of Title IX of the Education Amendments Act of 1972, 20 U.S.C. §§ 1681,** *et seq.* **Against Defendants Board of Regents and GTAA.**

235.

GTAA incorporates by reference its responses from Paragraphs 1 through 234.

236.

GTAA admits the allegations in Paragraph 236 but denies that Joseph is entitled to relief under Title IX or any other statute.

237.

Upon information and belief, GTAA admits that BOR is an educational institution that receives federal funding.

238.

GTAA denies the allegations in Paragraph 238.

239.

GTAA admits that Joseph was an employee of GT from January 1, 2008 until her termination.  GTAA denies that Joseph was an employee of GTAA during that time period.

240.

GTAA admits that Joseph is a female.   GTAA denies the remaining allegations in Paragraph 240.

241.

GTAA denies the allegations in Paragraph 241.

242.

GTAA denies the allegations in Paragraph 242.

243.

GTAA denies the allegations in Paragraph 243.

244.

GTAA denies the allegations in Paragraph 244.

245.

GTAA denies the allegations in Paragraph 245.

## COUNT THREE:

### Discrimination on the Basis of Sex in Violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e(2) *et seq.*, Against Defendants Board of Regents and GTAA.

246.

GTAA incorporates by reference its responses from Paragraphs 1 through 245.

247.

GTAA admits the allegations in Paragraph 247 but denies that Joseph is entitled to relief under Title VII or any other statute.

248.

Upon information and belief, GTAA admits that BOR is an employer that has 15 or more employees.  GTAA denies that it had any employees at any point in time after January 1, 2008.

249.

GTAA admits that Joseph was an employee of GT.  GTAA denies that it had any employees at any point in time after January 1, 2008.

250.

GTAA admits that Joseph is a female.  GTAA denies the remaining allegations in Paragraph 250.

251.

GTAA denies the allegations in Paragraph 251.

252.

GTAA denies the allegations in Paragraph 252.

253.

GTAA denies the allegations in Paragraph 253.

254.

GTAA denies the allegations in Paragraph 254.

## COUNT FOUR:

**Discrimination on the Basis of the Sex and Association with a Protected Class (Women) in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e(2) *et seq.*, Against Defendants Board of Regents and GTAA.**

255.

GTAA incorporates by reference its responses from Paragraphs 1 through 254.

256.

GTAA admits the allegations in Paragraph 256 but denies that Joseph is entitled to relief under Title VII or any other statute.

257.

Upon information and belief, GTAA admits that BOR is an employer that has 15 or more employees.  GTAA denies that it had any employees at any point in time after January 1, 2008.

258.

GTAA admits that Joseph was an employee of GT.  GTAA denies that it had any employees at any point in time after January 1, 2008.

259.

GTAA admits that Joseph is a female.   GTAA denies the remaining allegations in Paragraph 259.

260.

GTAA denies the allegations in Paragraph 260.

261.

GTAA denies the allegations in Paragraph 261.

262.

GTAA denies the allegations in Paragraph 262.

263.

GTAA denies the allegations in Paragraph 263.

264.

GTAA denies the allegations in Paragraph 264.

## COUNT FIVE:

## Violation of Constitutional and Civil Rights Pursuant to 42 U.S.C. § 1983 and the Equal Protection Clause Against Defendant Stansbury in His Individual Capacity.

265.

GTAA incorporates by reference its responses from Paragraphs 1 through 264.

266.

GTAA admits that the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution protects employees of public institutions from unlawful sex discrimination. GTAA denies the remaining allegations in Paragraph 266.

267.

GTAA denies the allegations in Paragraph 267.

268.

GTAA admits that Joseph was an employee of GT.

269.

GTAA denies the allegations in Paragraph 269.

270.

GTAA denies the allegations in Paragraph 270.

271.

GTAA denies the allegations in Paragraph 271.

272.

GTAA denies the allegations in Paragraph 272.

273.

GTAA denies the allegations in Paragraph 273.

274.

GTAA denies the allegations in Paragraph 274.

## COUNT SIX:

## Violation of Constitutional and Civil Rights Pursuant to 42 U.S.C. § 1983 and the Equal Protection Clause Against Defendant Lewis in His Individual Capacity.

275.

GTAA incorporates by reference its responses from Paragraphs 1 through 274.

276.

GTAA admits that the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution protects employees of public institutions from

unlawful sex discrimination.  GTAA denies the remaining allegations in Paragraph 276.

277.

GTAA denies the allegations in Paragraph 277.

278.

GTAA admits that Joseph was an employee of GT.

279.

GTAA denies the allegations in Paragraph 279.

280.

GTAA denies the allegations in Paragraph 280.

281.

GTAA denies the allegations in Paragraph 281.

282.

GTAA denies the allegations in Paragraph 282.

283.

GTAA denies the allegations in Paragraph 283.

**COUNT SEVEN:**

**Violation of Constitutional and Civil Rights Pursuant to 42 U.S.C. § 1983 and the Equal Protection Clause Against Defendant Engel in Her Individual Capacity.**

284.

GTAA incorporates by reference its responses from Paragraphs 1 through 283.

285.

GTAA admits that the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution protects employees of public institutions from unlawful sex discrimination. GTAA denies the remaining allegations in Paragraph 285.

286.

GTAA denies the allegations in Paragraph 286.

287.

GTAA admits that Joseph was an employee of GT.

288.

GTAA denies the allegations in Paragraph 288.

289.

GTAA denies the allegations in Paragraph 289.

290.

GTAA denies the allegations in Paragraph 290.

291.

GTAA denies the allegations in Paragraph 291.

## COUNT EIGHT:

**Violation of Constitutional and Civil Rights Pursuant to 42 U.S.C. § 1983 and the Equal Protection Clause Against Defendant Peterson in His Individual Capacity.**

292.

GTAA incorporates by reference its responses from Paragraphs 1 through 291.

293.

GTAA admits that the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution protects employees of public institutions from unlawful sex discrimination.  GTAA denies the remaining allegations in Paragraph 293.

294.

GTAA denies the allegations in Paragraph 294.

295.

GTAA admits that Joseph was an employee of GT.

296.

GTAA denies the allegations in Paragraph 296.

297.

GTAA denies the allegations in Paragraph 297.

298.

GTAA denies the allegations in Paragraph 298.

299.

GTAA denies the allegations in Paragraph 299.

300.

GTAA denies the allegations in Paragraph 300.

## COUNT NINE:

**Retaliation in Violation of Title IX of the Education Amendments Act of 1972, 20 U.S.C. §§ 1681, *et seq.* Against Defendants Board of Regents and GTAA.**

301.

GTAA incorporates by reference its responses from Paragraphs 1 through 300.

302.

GTAA admits the allegations in Paragraph 302 but denies that Joseph is entitled to relief under Title IX or any other statute.

303.

Upon information and belief, GTAA admits that BOR is an educational institution that receives federal funding.

304.

GTAA denies the allegations in Paragraph 304.

305.

GTAA admits that Joseph was an employee of GT from January 1, 2008 until her termination.  GTAA denies that Joseph was an employee of GTAA during that time period.

306.

GTAA denies the allegations in Paragraph 306.

307.

GTAA denies the allegation in Paragraph 307.

308.

GTAA admits that GT placed Joseph on administrative leave with pay on February 27, 2019, and that GT terminated her employment on March 26, 2019. GTAA denies the remaining allegations in Paragraph 308.

309.

GTAA denies the allegations in Paragraph 309.

310.

GTAA denies the allegations in Paragraph 310.

## COUNT TEN:

**Retaliation in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e),** *et seq.* **Against Defendants Board of Regents and GTAA.**

311.

GTAA incorporates by reference its responses from Paragraphs 1 through 310.

312.

GTAA admits the allegations in Paragraph 312 but denies that Joseph is entitled to relief under Title VII or any other statute.

313.

Upon information and belief, GTAA admits that BOR is an employer that has 15 or more employees.  GTAA denies that it had any employees at any point in time after January 1, 2008.

314.

GTAA admits that Joseph was an employee of GT.  GTAA denies that it had any employees at any point in time after January 1, 2008.

315.

GTAA denies the allegations in Paragraph 315.

316.

GTAA denies the allegations in Paragraph 316.

317.

GTAA denies the allegations in Paragraph 317.

318.

GTAA denies the allegations in Paragraph 318.

319.

GTAA denies the allegations in Paragraph 319.

## COUNT ELEVEN:

## Retaliation in Violation of the Georgia Whistleblower Act, O.C.G.A. § 45-1-4 Against Defendants GTAA and Board of Regents.

320.

GTAA incorporates by reference its responses from Paragraphs 1 through 319.

321.

GTAA admits the allegations in Paragraph 321 but denies that Joseph is entitled to relief under this or any other statute.

322.

GTAA admits that Defendant BOR/GT is a state entity with employees. GTAA denies the remaining allegations in Paragraph 322.

323.

GTAA denies the allegations in Paragraph 323.

324.

GTAA admits that Joseph was an employee of GT from January 1, 2008 until her termination. GTAA denies that Joseph was an employee of GTAA during that time period. GTAA denies the remaining allegations in Paragraph 324 regarding GTAA.

325.

GTAA denies the allegations in Paragraph 325.

326.

GTAA denies the allegations in Paragraph 326.

327.

GTAA denies the allegations in Paragraph 327.

328.

GTAA admits that GT placed Joseph on administrative leave with pay on February 27, 2019, and that GT terminated her employment on March 26, 2019. GTAA denies the remaining allegations in Paragraph 328.

329.

GTAA denies the allegations in Paragraph 329.

330.

GTAA denies the allegations in Paragraph 330.

## COUNT TWELVE:

**Retaliatory Hostile Work Environment in Violation of Title IX of the Education Amendments Act of 1972, 20 U.S.C. §§ 1681, *et seq.* Against Defendants Board of Regents and GTAA.**

331.

GTAA incorporates by reference its responses from Paragraphs 1 through 330.

332.

GTAA admits that Title IX prohibits sex discrimination and retaliation in education programs or activities that receive financial assistance.  GTAA denies that Joseph is entitled to relief under Title IX or any other statute.

333.

Upon information and belief, GTAA admits that BOR is an educational institution that receives federal funding.

334.

GTAA denies the allegations in Paragraph 334.

335.

GTAA admits that Joseph was an employee of GT from January 1, 2008 until her termination.  GTAA denies that Joseph was an employee of GTAA during that time period.

336.

GTAA denies the allegations in Paragraph 336.

337.

GTAA denies the allegations in Paragraph 337.

338.

GTAA denies the allegations in Paragraph 338.

339.

GTAA denies the allegations in Paragraph 339.

340.

GTAA denies the allegations in Paragraph 340.

341.

GTAA denies the allegations in Paragraph 341.

342.

GTAA denies the allegations in Paragraph 342.

## COUNT THIRTEEN:

## Retaliatory Hostile Work Environment in Violation of Title VII of the Civil Rights Act of 1964, 45 U.S.C. §§ 2000e, *et seq.* Against Defendants Board of Regents and GTAA.

343.

GTAA incorporates by reference its responses from Paragraphs 1 through 342.

344.

GTAA admits the allegations in Paragraph 344 but denies that Joseph is entitled to relief under Title VII or any other statute.

345.

Upon information and belief, GTAA admits that BOR is an employer that has 15 or more employees.  GTAA denies that it had any employees at any point in time after January 1, 2008.

346.

GTAA admits that Joseph was an employee of GT.  GTAA denies that it had any employees at any point in time after January 1, 2008.

347.

GTAA denies the allegations in Paragraph 347.

348.

GTAA denies the allegations in Paragraph 348.

349.

GTAA denies the allegations in Paragraph 349.

350.

GTAA denies the allegations in Paragraph 350.

351.

GTAA denies the allegations in Paragraph 351.

352.

GTAA denies the allegations in Paragraph 352.

353.

GTAA denies the allegations in Paragraph 353.

## COUNT FOURTEEN:

### Breach of Contract Against Defendants GTAA and Board of Regents

354.

GTAA incorporates by reference its responses from Paragraphs 1 through 353.

355.

GTAA admits that GTAA and Joseph entered into a contract regarding Joseph's employment by GT on October 20, 2014.   GTAA admits that the contract could be terminated prior to the end of the contract term without financial penalty for "Good Cause."  GTAA denies the remaining allegations in Paragraph 355.

356.

GTAA denies the allegations in Paragraph 356.

357.

GTAA denies the allegations in Paragraph 357.

358.

GTAA denies the allegations in Paragraph 358.

359.

GTAA denies the allegations in Paragraph 359.

360.

GTAA denies the allegations in Paragraph 360.

361.

GTAA denies the allegations in Paragraph 361.

## COUNT FIFTEEN:

**Violation of the Georgia Open Records Act, O.G.C.A. § 50-18-71, Against Defendant Board of Regents.**

362.

GTAA incorporates by reference its responses from Paragraphs 1 through 361.

363.

GTAA admits the allegations in Paragraph 363 but denies that Joseph is entitled to relief under this or any other statute.

68

364.

GTAA admits the allegations in Paragraph 364 but denies that Joseph is entitled to relief under this or any other statute.

365.

GTAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 365, and therefore denies them.

366.

GTAA denies the allegations in Paragraph 366.

367.

GTAA denies the allegations in Paragraph 367.

368.

GTAA denies the allegations in Paragraph 368.

369.

GTAA denies the allegations in Paragraph 369.

## COUNT SIXTEEN:

### Claim for Expenses of Litigation under O.C.G.A. § 13-6-11, Against All Defendants

370.

GTAA incorporates by reference its responses from Paragraphs 1 through 369.

371.

GTAA admits the allegations in Paragraph 371 but denies that Joseph is entitled to relief under this or any other statute.

372.

GTAA denies the allegations in Paragraph 372.

373.

GTAA denies the allegations in Paragraph 373.  GTAA denies that Joseph is entitled to a trial by jury.

## PRAYER FOR RELIEF

The remainder of Joseph's Complaint (paragraphs 374-384) contains prayers for relief, which require neither an admission nor a denial by GTAA.  To the extent a response is required, GTAA denies that it acted unlawfully towards Joseph or that Joseph is entitled to any relief whatsoever in this action.

GTAA denies any allegation contained in Joseph's Complaint that is not specifically admitted or otherwise responded to.

## AFFIRMATIVE OR OTHER DEFENSES

Without assuming the burden of proof on any matters that would otherwise rest with Plaintiff, GTAA alleges the following affirmative or other defenses.

## FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted, including for the reasons set forth in GTAA's Partial Motion to Dismiss.

## SECOND DEFENSE

Plaintiff's Complaint, in whole or in part, may be subject to dismissal for lack of subject matter jurisdiction.

## THIRD DEFENSE

Plaintiff's Complaint, in whole or in part, is barred by the applicable statutes of limitations.

## FOURTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff has failed to satisfy all jurisdictional and administrative prerequisites for such claims, including the failure to exhaust administrative remedies.

## FIFTH DEFENSE

Plaintiff's claims are barred to the extent that they rely on events not raised or involve persons not named in any charge that Plaintiff filed with the Georgia Commission on Equal Opportunity and/or the Equal Employment Opportunity Commission.

## SIXTH DEFENSE

Plaintiff's Title IX claims are subject to dismissal because they are preempted by her Title VII claims.

## SEVENTH DEFENSE

Plaintiff's Complaint, in whole or in part, is barred because GTAA is not an employer subject to liability under Title VII and/or Title IX.

## EIGHTH DEFENSE

Plaintiff's Complaint, in whole or in part, is barred because GTAA is not a recipient of federal funds.

## NINTH DEFENSE

Plaintiff's Complaint, in whole or in part, is barred because GTAA is not a public employer within the meaning of the Georgia Whistleblower Act, O.C.G.A. § 45-1-4.

## TENTH DEFENSE

Plaintiff lacks standing to bring some of her claims under Title IX.

## ELEVENTH DEFENSE

Plaintiff's Complaint, in whole or in part, is barred because Plaintiff's contract with GTAA was terminated for good cause.

## TWELFTH DEFENSE

Plaintiff's Complaint, in whole or in part, is barred because Plaintiff's own conduct proximately caused her alleged injuries.

## THIRTEENTH DEFENSE

Plaintiff's Complaint, in whole or in part, is barred because the damages allegedly suffered by Plaintiff are too remote to form the basis of any recovery against GTAA.

## FOURTEENTH DEFENSE

GTAA incorporates by reference all affirmative defenses contained in Federal Rule of Civil Procedure 8(c) to the extent that same apply.

## FIFTEENTH DEFENSE

GTAA denies any allegation not expressly admitted herein.

## SIXTEENTH DEFENSE

GTAA reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, having fully answered the Complaint, GTAA respectfully requests that:

1. Judgment be entered in its favor and all claims asserted in the Complaint be dismissed with prejudice;

2. Judgment be entered against Plaintiff and in favor of GTAA for all costs and attorneys' fees incurred by GTAA in its defense of this action; and

3. GTAA have and recover such other and further relief as the Court may deem just and proper.

Respectfully submitted,

February 10, 2020                    By:  /s Christopher Paul Galanek
                                         Christopher Paul Galanek
                                         Georgia Bar No. 282390
                                         BRYAN CAVE LEIGHTON
                                         PAISNER LLP
                                         One Atlantic Center, 14th Floor
                                         1201 W. Peachtree Street, NW
                                         Atlanta, GA 30309
                                         Tel.: (404) 572-6979
                                         chris.galanek@bclplaw.com

                                         Ronald C. Machen (*pro hac vice*
                                         forthcoming)
                                         Danielle Y. Conley (*pro hac vice*
                                         forthcoming)
                                         Tania Faransso (*pro hac vice*
                                         forthcoming)
                                         WILMER CUTLER PICKERING HALE
                                         AND DORR LLP
                                         1875 Pennsylvania Avenue, NW
                                         Washington, D.C. 20006
                                         Tel.: (202) 663-6000
                                         ronald.machen@wilmerhale.com
                                         danielle.conley@wilmerhale.com
                                         tania.faransso@wilmerhale.com

                                         *Attorneys for Georgia Tech Athletic
                                         Association*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 10, 2020, I electronically filed this

**DEFENDANT GEORGIA TECH ATHLETIC ASSOCIATION'S ANSWER**

**AND DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of Court

using the CM/ECF system which will automatically send email notification of such

filing to the following attorneys of record:

Joseph Elias Abboud
abboud@kmblegal.com
Lisa J. Banks
banks@kmblegal.com
Edward D. Buckley
edbuckley@buckleybeal.com
Colleen E. Conveney
coveney@kmblegal.com
*Counsel for Plaintiff*

Courtney Poole
cpoole@law.ga.gov
Katherine Powers Stoff
kstoff@law.ga.com
*Counsel for Defendants Board of Regents of the University System of Georgia,*
*Peterson, Stansbury, Lewis, and Engel*


*/s/Christopher P. Galanek*
*Counsel for Defendant Georgia Tech*
*Athletic Association*