**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

_____
)
MACHELLE JOSEPH )
)
Plaintiff, )
)
v. )
)
BOARD OF REGENTS OF )
THE UNIVERSITY SYSTEM )
OF GEORGIA; ) Civil Action No.:
GEORGIA TECH ATHLETIC ) 1:20-cv-00502-TCB
ASSOCIATION; )
GEORGE PETERSON, in his individual )
capacity; M. TODD STANSBURY, in his )
individual capacity; MARVIN LEWIS, in )
his individual capacity; and )
SHOSHANNA ENGEL, in her individual )
capacity. )
)
Defendants. )
_____)

# PLAINTIFF'S INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and Local Rule 26.1, Plaintiff MaChelle Joseph ("Plaintiff") hereby submits the following initial disclosures:

**1)   State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a sufficient statement of the legal issues in the case.**

1

**Causes of action:** This case involves claims for employment discrimination and retaliation, breach of contract, and violations of the Georgia Open Records Act. Plaintiff, MaChelle Joseph, asserts claims for sex discrimination in violation of Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681(a) ("Title IX") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") against the Board of Regents of the University System of Georgia ("BOR") and the Georgia Tech Athletic Association ("GTAA"), (the "Institutional Defendants"), and for sex discrimination in violation of the Fourteenth Amendment to the Constitution of the United States, 42 U.S.C. § 1983, against George Peterson, M. Todd Stansbury, Marvin Lewis, and Shoshanna Engel, (the "Individual Defendants"). Plaintiff also asserts claims for retaliation in violation of Title IX, Title VII, and the Georgia Whistleblower Act, O.C.G.A. § 45-1-4 ("GWA") against the Institutional Defendants, and for a retaliatory hostile work environment in violation of Title IX and Title VII against the Institutional Defendants. Plaintiff also asserts claims for breach of contract in violation of the common law of Georgia against the Institutional Defendants, for violations of the Georgia Open Records Act, O.C.G.A. § 50-18-70 *et seq.* ("ORA") against BOR, and for litigation expenses under O.C.G.A. § 13-6-11 against the Institutional and Individual Defendants, collectively "the Defendants."

**Factual outline:** Plaintiff was employed as the Georgia Institute of Technology's ("GT") Head Coach of Women's Basketball ("WBB") with BOR and GTAA for sixteen years. She consistently earned good performance reviews and led her athletes to success on the court and in the classroom. Throughout her career, Plaintiff worked in an Athletic Department that afforded her and her team fewer benefits and resources than it provided to GT Men's Basketball ("MBB"). BOR and GTAA also consistently treated Plaintiff differently from similarly situated male coaches. BOR's and GTAA's disparate treatment of Plaintiff and the WBB team denied her and her team equal opportunity and required Plaintiff to devote a substantial portion of her time opposing BOR and GTAA's discriminatory treatment.

Beginning in or around 2015, after BOR and GTAA hired new leadership in the Athletic Department, BOR and GTAA not only attempted to stymie Plaintiff's advocacy efforts, but they retaliated against her and harassed her for her opposition to the discriminatory treatment of her and the WBB Team. In the final years of her employment, the Individual Defendants George Peterson, M. Todd Stansbury, Marvin Lewis, and Shoshanna Engel all had positions of authority to correct the sex discrimination about which Plaintiff complained. Instead of taking action to rectify the discriminatory treatment of Plaintiff, they perpetuated the sex

discrimination and targeted Plaintiff with adverse actions and hostile treatment based on sex. Shortly after Plaintiff filed formal complaints of discrimination and retaliation, the Defendants terminated her employment on pre-textual grounds.

**Legal issues:**  The legal issues in the case include (1) whether Defendants BOR and GTAA discriminated against Plaintiff on the basis of sex and/or on the basis of the sex of the athletes whom she coached in violation of Title VII; (2) whether Defendants BOR and GTAA discriminated against Plaintiff on the basis of sex and/or on the basis of the sex of the athletes whom she coached in violation of Title IX; (3) whether the Individual Defendants discriminated against Plaintiff on the basis of sex in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; (4) whether Defendants BOR and GTAA retaliated against Plaintiff because she opposed sex discrimination in violation of Title VII; (5) whether Defendants BOR and GTAA retaliated against Plaintiff  because she opposed sex discrimination in violation of Title IX; (6) whether Defendants BOR and GTAA retaliated against Plaintiff in violation of the GWA because she disclosed a violation or noncompliance with a law or objected to a violation of the law; (7) whether Defendants BOR and GTAA subjected Plaintiff to a retaliatory hostile work environment in violation of Title VII because of her protected activity; (8) whether Defendants BOR and GTAA subjected

Plaintiff to a retaliatory hostile work environment in violation of Title IX because of her protected activity; (9) whether Defendants BOR and GTAA breached its contract with Plaintiff by terminating her employment without Good Cause; (10) whether Defendant BOR violated the ORA by failing to produce records in an un-redacted form; (11) whether all Defendants are liable for Plaintiff's litigation costs and expenses; (12) what, if any, back pay and lost benefits Plaintiff is entitled to recover; (13) what, if any, front pay and lost benefits Plaintiff is entitled to recover; (14) what, if any, compensatory damages, and/or punitive damages Plaintiff is entitled to recover; (15) what, if any, injunctive or other eligible relief Plaintiff is entitled to be awarded; (16) whether any of Defendants' defenses bar or limit Plaintiff's claims and/or recovery; and (17) whether Plaintiff is entitled to recover her reasonable attorney's fees and costs, and if so, in what amount(s).

**2)    Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

**<u>Retaliation under Title IX and Title VII.</u>**  Case law applicable to or illustrative of Plaintiff's claims for retaliation in violation of Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681(a), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), includes, but is not limited to: *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006); *Jackson v.*

5

*Birmingham Bd. of Educ.*, 544 U.S. 167, 172-73 (2005); *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147 (2000); *Saphir by & through Saphir v. Broward Cty. Pub. Sch.*, 744 F. App'x 634 (11th Cir. 2018); *Davis v. Fla. Agency for Health Care Admin.*, 612 F. App'x 983, 986 (11th Cir. 2015); *Jones v. Suburban Propane, Inc.*, 577 F. App'x 951, 955 (11th Cir. 2014); *Giles v. Daytona State Coll., Inc.*, 542 F. App'x 869, 873 (11th Cir. 2013); *Davis v. Postmaster Gen.*, 550 F. App'x 777, 779 (11th Cir. 2013); *Bowers v. Bd. of Regents of Univ. Sys. of Georgia*, 509 F. App'x 906, 910 (11th Cir. 2013); *Gowski v. Peake*, 682 F.3d 1299, 1313-14 (11th Cir. 2012); *Entrekin v. City of Panama City Fla.*, 376 F. App'x 987, 995 (11th Cir. 2010); *Williams v. Bd. Of Regents of Univ. Sys. Of Ga.*, 477 F.3d 1282, 1294 (11th Cir. 2007); *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1186 (11th Cir. 2003); *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 920 (11th Cir. 1993); *Reese v. Emory Univ.*, No. 1:14-CV-2222-SCJ, 2015 WL 13649300, at *3 (N.D. Ga. Jan. 29, 2015).

**Discrimination under Title IX, Title VII, and Section 1983.** Case law applicable to or illustrative of Plaintiff's claims for sex discrimination in violation of Title IX, Title VII, 42 U.S.C. § 2000e-2(a)(1), and Section 1983 includes, but is not limited to: *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147 (2000); *Price Waterhouse*

*v. Hopkins*, 490 U.S. 228, 250 (1989); *Davis v. Passman*, 442 U.S. 228, 235 (1979); *Lewis v. City of Union City, Georgia*, 934 F.3d 1169, 1187-88 (11th Cir. 2019); *Buchanan v. Delta Air Lines, Inc.*, 727 F. App'x 639, 641-42 (11th Cir. 2018); *Smelter v. S. Home Care Servs. Inc.*, 904 F.3d 1276, 1288 (11th Cir. 2018); *Williams v. Fla. Atl. Univ.*, 728 F. App'x 996, 999 (11th Cir. 2018); *Evans v. Georgia Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017); *Castillo v. Allegro Resort Mktg.*, 603 F. App'x 913, 918-19 (11th Cir. 2015); *Hill v. Cundiff*, 797 F.3d 948, 978-79 (11th Cir. 2015); *Redd v. United Parcel Serv., Inc.*, 615 F. App'x 598, 604 (11th Cir. 2015); *Morris v. Town of Lexington Alabama*, 748 F.3d 1316, 1322 (11th Cir. 2014); *Bowers v. Bd. of Regents of Univ. Sys. of Georgia*, 509 F. App'x 906, 909 (11th Cir. 2013); *Glenn v. Brumby*, 663 F.3d 1312, 1320 (11th Cir. 2011); *Randall v. Scott*, 610 F.3d 701, 709-710 (11th Cir. 2010); *Williams v. Bd. Of Regents of Univ. Sys. Of Ga.*, 477 F.3d 1282, 1294 (11th Cir. 2007); *Bogle v. McClure*, 332 F.3d 1347, 1356 (11th Cir. 2003); *Cross v. State of Ala., State Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1507-08 (11th Cir. 1995); *Nicholson v. Georgia Dep't of Human Res. (DHR)*, 918 F.2d 145, 147-48 (11th Cir. 1990). Regulations related to or illustrative of Plaintiff's claims for sex discrimination in violation of Title IX include, but are not limited to: A Policy Interpretation: Title IX and Intercollegiate Athletics, 44 Fed. Reg. 71,413 (Dec. 11,

1979).

**GWA.**   Case law applicable to or illustrative of Plaintiff's claim of retaliation in violation of the Georgia Whistleblower Act, O.C.G.A. § 45-1-4, includes, but is not limited to: *MCG Health, Inc. v. Nelson*, 606 S.E.2d 576, 579-80 (Ga. Ct. App. 2004); *Coward v. MCG Health, Inc.*, 802 S.E.2d 396, 399 (Ga. Ct. App. 2017); *Albers v. Georgia Bd. of Regents of Univ. Sys. of Georgia*, 766 S.E.2d 520, 526 n.24 (Ga. Ct. App. 2014); *Freeman v. Smith*, 750 S.E.2d 739, 743 (Ga. Ct. App. 2013).

**ORA.**  Case law applicable to or illustrative of Plaintiff's claim for violation of the Georgia Open Records Act, O.C.G.A. § 50-18-70 *et seq.*, includes, but is not limited to: *Stanislaus v. Emory Univ.*, No. 1:05-CV-1496-RWS, 2006 WL 8432146, at *10 (N.D. Ga. July 28, 2006).  Statutes applicable to Plaintiff's claim for violation of the Georgia Open Records Act include, but are not limited to: 20 U.S.C. § 1232g (2013).

**Breach of Contract**.  Case law applicable to or illustrative of Plaintiff's claim for breach of contract in violation of Georgia law, includes, but is not limited to: *Brooks v. Branch Banking & Tr. Co.*, 107 F. Supp. 3d 1290, 1295 (N.D. Ga. 2015); *Savannah Coll. of Art & Design, Inc. v. Nulph*, 460 S.E.2d 792, 793 (Ga. 1995); *Bd. of Regents of the Univ. Sys. of Georgia v. Doe*, 630 S.E.2d 85, 88-89

(Ga. Ct. App. 2006). Statutes applicable to Plaintiff's claim for breach of contract include, but are not limited: O.G.C.A. § 13-3-1.

**Litigation Expenses.** Case law applicable to or illustrative of Plaintiff's claims for litigation expenses, O.C.G.A. § 13-6-11, includes, but is not limited to: *Capital Health Mgmt. Grp., Inc. v. Hartley*, 689 S.E.2d 107, 116 (Ga. Ct. App. 2009).

Plaintiff notes that this list of authority is not exhaustive, and anticipates the need to rely upon additional authority as this litigation progresses.

**3)     Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.  (Attach witness list to Initial Disclosures as Attachment A).**

*See* Attachment A.

**4)     Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that Rule.  (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B).**

Plaintiff has not yet retained any expert witnesses.  Plaintiff will amend this response if and when she does so.

**5)     Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to**

**support your claims or defenses unless solely for impeachment, identifying the subjects of the information.  (Attachment document list and descriptions to Initial Disclosures as Attachment C).**

*See* Attachment C.

**6)   In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed. R. Civ. P. 34.  (Attach any copies and descriptions to Initial Disclosures as Attachment D).**

Plaintiff has not yet determined the full amount of damages to which she is entitled, but makes claim for the following categories of damages:

**Back Pay**:  Plaintiff seeks full back pay defined in its usual broad sense to include all lost wages and all benefits reducible to dollar value, as well as all wage and benefits increases Plaintiff reasonably would have received absent Defendants' discriminatory and retaliatory acts through the date of verdict in her favor. Plaintiff requires discovery to determine any pay increases, differentials, or benefits she would have received had she not been subject to unlawful discrimination and retaliation.  Plaintiff reserves the right to amend or supplement her back calculation as discovery progresses.

**Front Pay**:  Plaintiff seeks front pay as the continuation of Plaintiff's back pay from the date of a jury verdict and continuing into the future for a period to be

determined by the Court.

**Compensatory Damages**:  Plaintiff seeks compensation for non-monetary losses to compensate Plaintiff for the emotional distress, anguish, pain and suffering, humiliation, embarrassment, and career and reputational damage she suffered as a result of the Defendants' unlawful actions, including but not limited to the discriminatory and retaliatory treatment of Plaintiff during her employment, her loss of employment, and the retaliatory treatment of Plaintiff after her employment.  Plaintiff will ask the jury to award an amount of money for emotional pain and suffering that will fairly compensate her for the non-monetary losses she has suffered as a result of the Defendants' unlawful actions.  Plaintiff seeks the maximum amount allowed by law.

**Punitive Damages**:   Plaintiff seeks the maximum amount allowed by law.

**Attorneys' Fees and Costs of Litigation**:  Should Plaintiff prevail on her claims, Plaintiff will seek to recover reasonable attorneys' fees and costs associated with the litigation.  The amount of such fees and expenses continues to increase.

At a mutually convenient time and place, Plaintiff will produce for inspection all non-privileged documents in her possession, custody and control which may support her claims for damages.  Plaintiff will supplement or amend the

damages calculations as discovery progresses.

**7)   Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.  (Attach copy of insurance agreement to Initial Disclosures as Attachment E).**

Not applicable.

**8)   Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.**

Not applicable.

Respectfully submitted this 4th day of March, 2020.

*/s/ Lisa Banks*
Lisa J. Banks (admitted *pro hac vice*)
banks@kmblegal.com
Colleen E. Coveney
Ga Bar No. 686460
coveney@kmblegal.com
Joseph E. Abboud (admitted *pro hac vice*)
abboud@kmblegal.com
**Katz, Marshall & Banks, LLP**
1718 Connecticut Avenue, NW, Sixth Floor
Washington, D.C. 20009
Phone: (202) 299-1140
Fax:    (202) 299-1148

Edward D. Buckley
Ga Bar No. 092750
edbuckley@buckleybeal.com
**Buckley Beal LLP**

600 Peachtree Street NE, Suite 3900
Atlanta, GA 30308
Telephone: (404) 781-1100
Facsimile:  (404) 781-1101

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| MACHELLE JOSEPH ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BOARD OF REGENTS OF ) | |
| THE UNIVERSITY SYSTEM ) | |
| OF GEORGIA; ) | Civil Action No.: |
| GEORGIA TECH ATHLETIC ) | 1:20-cv-00502-TCB |
| ASSOCIATION; ) | |
| GEORGE PETERSON, in his individual ) | |
| capacity; M. TODD STANSBURY, in his ) | |
| individual capacity; MARVIN LEWIS, in ) | |
| his individual capacity; and ) | |
| SHOSHANNA ENGEL, in her individual ) | |
| capacity. ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of March, 2020, I electronically filed the foregoing **PLAINTIFF'S INITIAL DISCLOSURES** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

   Courtney Poole (cpoole@law.ga.gov)
   Katherine Powers Stoff (kstoff@law.ga.gov)

14

Christopher Paul Galanek (chris.galanek@bclplaw.com)
Danielle Y. Conley (danielle.conley@wilmerhale.com)
Tania Christine Faransso (tania.faransso@wilmerhale.com)
Ronald C. Machen (ronald.machen@wilmerhale.com)

                        BUCKLEY BEAL, LLP

                        */s/ Edward D. Buckley*
                        Edward D. Buckley
                        Georgia Bar No. 092750
                        *Counsel for Plaintiff*