**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

_____
)
MACHELLE JOSEPH                                )
                                               )
            Plaintiff,                         )
                                               )
      v.                                       )
                                               )
BOARD OF REGENTS OF                            )
THE UNIVERSITY SYSTEM                          )
OF GEORGIA;                                    )      Civil Action No.:
GEORGIA TECH ATHLETIC                          )      1:20-cv-00502-TCB
ASSOCIATION;                                   )
GEORGE PETERSON, in his individual             )
capacity; M. TODD STANSBURY, in his            )
individual capacity; MARVIN LEWIS, in          )
his individual capacity; and                   )
SHOSHANNA ENGEL, in her individual             )
capacity.                                      )
                                               )
            Defendants.                        )
_____)

**JOINT PRELIMINARY REPORT AND DISCOVERY
PLAN**

1.    **Description of Case:**

      a)  **Describe briefly the nature of this action:**

      Plaintiff, MaChelle Joseph, asserts claims for sex discrimination in violation

of Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681(a) ("Title

IX"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Fourteenth Amendment to the Constitution of the United States, 42 U.S.C. § 1983; for retaliation in violation of Title IX, Title VII, and the Georgia Whistleblower Act, O.C.G.A. § 45-1-4 ("GWA"); for retaliatory hostile work environment in violation of Title IX and Title VII; for breach of contract; for violations of the Georgia Open Records Act, O.C.G.A. § 50-18-17 ("ORA"); and for litigation expenses under O.C.G.A. § 13-6-11.   These claims arise from Plaintiff's allegations of the Defendants' disparate treatment, unjustified discipline, and the wrongful termination of Plaintiff's employment, and failure to produce records in accordance with the ORA.

   b) **Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

PLAINTIFF'S FACTS:

   Plaintiff was employed as the Georgia Institute of Technology's ("GT") Head Coach of Women's Basketball ("WBB") with Defendants Board of Regents of the University System of Georgia ("BOR") and the Georgia Tech Athletic Association ("GTAA") for sixteen years.   She consistently earned good performance reviews and led her athletes to success on the court and in the classroom.  Throughout her career, Plaintiff worked in an Athletic Department that afforded her and her team fewer benefits and resources than it provided to GT

2

Men's Basketball ("MBB").  BOR and GTAA also consistently treated Plaintiff differently from similarly situated male coaches.

BOR's and GTAA's disparate treatment of Plaintiff and the WBB team denied her and her team equal opportunity and required Plaintiff to devote a substantial portion of her time opposing BOR and GTAA's discriminatory treatment.  Beginning in or around 2015, after BOR and GTAA hired new leadership in the Athletic Department, BOR and GTAA not only attempted to stymie Coach Joseph's advocacy efforts, but they retaliated against her and harassed her for her opposition to the discriminatory treatment of her and the WBB Team.  In the final years of her employment, the Individual Defendants George Peterson, M. Todd Stansbury, Marvin Lewis, and Shoshanna Engel all had positions of authority to correct the sex discrimination about which Plaintiff complained.  Instead of taking action to rectify the discriminatory treatment of Plaintiff, they perpetuated the sex discrimination and targeted Plaintiff with adverse actions and hostile treatment based on sex. Shortly after filing formal complaints of discrimination and retaliation, the Defendants terminated her employment on pretextual grounds.

Plaintiff brings sex discrimination claims under Title VII and Title IX against BOR and GTAA for subjecting her to unequal working conditions in

comparison to similarly situated male employees, holding her to a higher standard than similarly situated males, and terminating her employment based on her sex and the sex of the athletes with whom she was associated and on whose behalf she advocated.  Plaintiff also brings sex discrimination claims under the Fourteenth Amendment against all Individual Defendants for subjecting her to unequal working conditions in comparison to similarly situated male employees, and against Defendants Stansbury and Peterson for terminating her employment on the basis of sex.  Plaintiff also brings retaliation claims under Title VII, Title IX, and the GWA against BOR and GTAA for terminating her employment because of her opposition to sex discrimination she reasonably believed violated federal law, and under Title VII and Title IX for subjecting her to a retaliatory hostile work environment.  Plaintiff also brings breach of contract claims against BOR and GTAA for terminating her without Good Cause in violation of her employment contract.  Plaintiff also brings a claim under the ORA for BOR's impermissible redaction of information from public records it produced in response to Plaintiff's open records requests.  Finally, Plaintiff brings a claim against all Defendants for litigation expenses under Georgia law.

DEFENDANTS' FACTS:

Without waiving any defenses asserted in their answers, Defendants submit

4

the following:

Plaintiff was a coach for the GT WBB team—first as an Assistant Coach, then as Head Coach—for 18 years until her termination on March 26, 2019 for engaging in extreme and abusive conduct with students and staff.  Plaintiff was an at-will employee of GT, a unit institution of BOR, and was not employed under any contract with GT.   GTAA is a non-profit corporation responsible for administering the intercollegiate athletic program at GT.   Defendant Todd Stansbury has been the GT Athletic Director since November 2016.  Defendant George P. Peterson served as President of GT from 2009 to August 2019. Defendant Marvin Lewis has served as the Associate Athletic Director of Administration and Finance at GT since September 2014.  Defendant Shoshanna Engel has served as Associate Athletic Director for Compliance at GT since September 2013 and Deputy Title IX Coordinator since 2015.

As Associate Athletic Director of Administration and Finance, Defendant Lewis is responsible for working with the athletic programs to build their annual budget proposals.   Defendant Lewis applied the same zero-based budgeting process across all programs and submitted his proposals for funding allocations annually to the Athletic Director and to the GTAA Board of Trustees for approval. Defendant Lewis denies engaging in any discriminatory or otherwise unlawful

practices in preparing the athletic programs' budgets.

Defendant Shoshanna Engel is in charge of NCAA compliance for GT Athletics. Defendant Engel has no authority to make budget allocation decisions for the Athletic Department or to make personnel decisions outside of her department.

Prior to Defendant Stansbury's employment with GT, previous Athletics Administrators had issued Plaintiff a written reprimand in 2015 for excessive alcohol use and a final written warning in 2016 for inappropriate use of her Assistant. In February 2019, four WBB players came forward to Aisha Oliver-Staley of GT's Office of Ethics, Compliance and Legal Affairs with complaints about Plaintiff's demeaning and abusive behavior. Parents of two of the players also contacted the Office of the President to raise the same allegations on behalf of their children. GT retained Littler Mendelson P.C. to conduct an investigation into the allegations.

On February 27, 2019, Defendant Stansbury placed Plaintiff on administrative leave with pay pending the outcome of the investigation. Following approximately 40 interviews and reviewing relevant documents, Littler Mendelson reported its findings to GT on March 20, 2019. The Report revealed behavior by Plaintiff that was contrary to the University System of Georgia's Ethics Policy,

including concerns from every single player interviewed of emotional and mental mistreatment by Plaintiff.

Defendant Stansbury provided a copy of the report to Plaintiff who submitted a response on March 25, 2019. Defendant Stansbury subsequently terminated Plaintiff's employment for violating the University System of Georgia's Ethics Policy. Plaintiff filed an appeal to President Peterson but withdrew it before President Peterson could issue his decision. Defendants Lewis and Engel played no role in the decisions to suspend or terminate Plaintiff.

All actions taken by Defendants with respect to Plaintiff's employment were taken for legitimate, non-discriminatory, non-retaliatory business reasons. Plaintiff has not been deprived of any rights, privileges or immunities secured under the laws of the United States or the State of Georgia.

Following her termination, Plaintiff submitted multiple requests under the ORA to which Defendant BOR has responded. Defendant BOR was required to redact some information to comply with its obligations under FERPA, 20 U.S.C. § 1232(g), 34 C.F.R. Part 99 ("FERPA"), as specifically permitted by O.C.G.A. § 50-18-72(a)(37).

c) **The legal issues to be tried as follows:**

PLAINTIFF:

1)      Whether BOR and GTAA discriminated against Plaintiff on the basis of sex in violation of Title VII and Title IX;

2)      Whether BOR and GTAA discriminated against Plaintiff on the basis of the sex of the athletes with whom she was associated and for whom she advocated in violation of Title VII and Title IX;

3)      Whether the Individual Defendants discriminated against Plaintiff on the basis of sex in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

4)      Whether Defendants BOR and GTAA retaliated against Plaintiff because she engaged in protected activity in violation of Title VII, Title IX, and the GWA;

5)      Whether Defendants BOR and GTAA subjected Plaintiff to a retaliatory hostile work environment because she engaged in protected activity in violation of Title VII and Title IX;

6)      Whether Defendants BOR and GTAA breached their contract with Plaintiff;

7)      Whether Defendant BOR failed to produce public records in accordance with the Georgia Open Records Act;

8)      The amount of lost wages and economic benefits to which Plaintiff is

entitled as damages;

9) The amount of compensatory damages necessary to compensate Plaintiff;

10) The amount of punitive damages necessary to punish Defendants Peterson, Stansbury, Lewis, and Engel for their unlawful conduct and to deter these Defendants from engaging in similar unlawful conduct in the future;

11) The amount of reasonable attorneys' fees and costs of litigation to which Plaintiff is entitled should she prevail;

12) The appropriate equitable or injunctive relief to be ordered, including but not limited to the appropriateness and amount of front pay damages which should be awarded to Plaintiff.

<u>DEFENDANT:</u>

1)    Whether Plaintiff's Title IX claims should be dismissed as preempted by Title VII;

2)    Whether Plaintiff can prove by a preponderance of the evidence that GTAA was her employer within the meaning of Title IX, Title VII and the GWA;

3)    Whether Plaintiff can prove by a preponderance of the evidence that GTAA is a federal funding recipient subject to Title IX;

4)    Whether Plaintiff can prove by a preponderance of the evidence that she was discriminated against on the basis of her sex under Title VII (and Title IX

if the claims are not found to be preempted);

5)      Whether Title VII recognizes associational claims of the type Plaintiff seeks to assert in Count Four of her Complaint;

6)      Whether Plaintiff can prove by a preponderance of the evidence that she was discriminated against on the basis of the sex of her athletes with whom she was associated in violation of Title VII (and Title IX if the claims are not found to be preempted);

7)      Whether Plaintiff can prove by a preponderance of the evidence that she was retaliated against in violation of Title VII (and Title IX if the claims are not found to be preempted);

8)      Whether Plaintiff can prove by a preponderance of the evidence that Defendants subjected her to a hostile work environment in violation of Title VII (and Title IX if the claims are not found to be preempted);

9)      Whether Plaintiff can prove by a preponderance of the evidence that the individual defendants discriminated against Plaintiff on the basis of sex in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

10)     Whether Plaintiff can show that the individual defendants should be stripped of their qualified immunity to her constitutional claims;

11)     Whether Plaintiff can prove by a preponderance of the evidence that Defendant unlawfully breached her contract with GTAA;

12)     Whether Plaintiff can prove by a preponderance of the evidence that Defendant BOR was a party to any contract with Plaintiff;

13)     Whether Plaintiff can prove by a preponderance of the evidence that Defendants retaliated against her in violation of the GWA;

14)     Whether Plaintiff can prove by a preponderance of the evidence that GTAA was a "public" employer within the meaning of the GWA;

15)     Whether Plaintiff can prove by a preponderance of the evidence that Defendant BOR violated the ORA;

16)     Whether Plaintiff is entitled to an award of any damages and, if so, the amount of such damages;

17)     Whether Plaintiff is entitled to any equitable relief.

The parties reserve the right to add or delete issues to be tried as discovery in this case ensues.

d) **The cases listed below (include both style and action number are):**

1)   Pending Cases Related:  None

2)   Previously Adjudicated Related Cases:   *Joseph v. Board of Regents of the University System of Georgia, et al*., No. 1:19-cv

03347-TCB (N.D. Ga. filed July 23, 2019).[1]

**2.     This case is complex because it possesses one (1) or more of the features listed below (please check):**

   <u>x</u>   (1)   Unusually large number of parties.
   <u>x</u>   (2)   Unusually large number of claims or defenses.
   _____   (3)   Factual issues are exceptionally complex.
   <u>x</u>   (4)   Greater than normal volume of evidence.
   <u>x</u>   (5)   Extended discovery period is needed.
   _____   (6)   Problems locating or preserving evidence.
   _____   (7)   Pending parallel investigations or action by government.
   _____   (8)   Multiple use of experts.
   _____   (9)   Need for discovery outside United States boundaries.
   _____   (10) Existence of highly technical issues and proof.
   _____   (11) Unusually complex discovery of electronically
                          stored information.

**3.     Counsel:**

The following individually-named attorneys are hereby designed as lead counsel for the parties:

**Plaintiff:**            Lisa J. Banks
                          *Admitted pro hac vice*
                          banks@kmblegal.com
                          KATZ, MARSHALL & Banks, LLP
                          1718 Connecticut Avenue, NW, Sixth Floor
                          Washington, D.C. 20009
                          Telephone:   (202) 299-1140
                          Facsimile:   (202) 299-1148

---

[1]   On October 23, 2019, Plaintiff voluntarily dismissed this action without prejudice.  (No. 1:19-cv-03347-TCB, Dkt. 29).  On December 23, 2019, Plaintiff refiled her Complaint in the Superior Court of Georgia Fulton County.   (No. 2019-cv-331019).   On February 3, 2020, Defendants removed the state action to this Court.  (No. 1:20-cv-00502-TCB, Dkt. 1).

> Edward D. Buckley
> Georgia Bar No. 092750
> edbuckley@buckleybeal.com
> BUCKLEY BEAL, LLP
> 600 Peachtree Street, Suite 3900
> Atlanta, Georgia 30309
> Telephone:   (404) 781-1100
> Facsimile:   (404) 781-1101

**Defendant:**

For Defendants BOR, Stansbury, Peterson, Lewis and Engel:

> Katherine P. Stoff
> Georgia Bar No. 536807
> Georgia Department of Law
> 40 Capitol Square, S.W.
> Atlanta, GA 30334
> Telephone: (404) 656-3393
> Facsimile: (404) 657-9932
> kstoff@law.ga.gov

For Defendant GTAA:

> Danielle Y. Conley
> WILMER CUTLER PICKERING HALE
> AND DORR LLP
> 1875 Pennsylvania Avenue, NW
> Washington, D.C. 20006
> Tel.: (202) 663-6000
> danielle.conley@wilmerhale.com

**4.     Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

    \_\_\_ Yes                    <u>X</u>  No

If "yes", please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.     Parties to this Action:**

a) The following persons are necessary parties who have not been joined:

   None known at this time.

b) The following persons are improperly joined as parties:

   None known at this time.

c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

   None known at this time.

d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

a) List separately any amendments to the pleadings which the parties anticipate will be necessary:

   None anticipated at this time.

b) Amendments to the pleadings submitted LATER THAN THIRTY (30)

DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

## 7. Filing Times For Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).

    a)  *Motions to Compel:*  before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

    b)  *Summary Judgment Motions:*  within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

    c)  *Other Limited Motions:*  refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

    d)  *Motions Objecting to Expert Testimony:*  Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

## 8. Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P.26(a)(1)(B).

The parties do not object to serving initial disclosures.

## 9. Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

The parties do not request a scheduling conference at this time.

**10.   Discovery Period:**

The discovery period commences 30 days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F of the Local Rules. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed.

Plaintiff seeks discovery into (a) all matters pertaining to the allegations contained in Plaintiff's Complaint and any Amended Complaints, (b) any defenses and affirmative defenses available to Defendants, and (c) information pertaining to Plaintiff's damages and mitigation thereof.

Defendants seek discovery into (a) all matters pertaining to allegations contained in Plaintiff's Complaint, and (b) information pertaining to Plaintiff's alleged damages and her efforts to mitigate those damages.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery

16

should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The parties anticipate that six months will be needed to complete discovery. This matter involves an unusually large number of parties, claims, defenses, and volume of evidence. There are also an unusually large number of critical material witnesses who are located in several different states, so the parties will need additional time to schedule and conduct depositions.

**11. Discovery Limitation and Discovery of Electronically Stored Information.**

    a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**Fed. R. Civ. P. 5(b)(2)(e).** Pursuant to Fed. R. Civ. P. 5(b)(2)(e), the parties consent to service by electronic means with respect to discovery requests and responses, in which event such service is complete upon transmission.

**Fed. R. Civ. P. 26(b)(5)(A)(ii).** During the parties' Rule 26(f) conference, counsel for Defendant BOR requested an agreement to modify Fed. R. Civ. P. 26(b)(5)(A)(ii). Specifically, counsel for Defendant BOR requested that Plaintiff agree to permit it to categorically exclude the Office of the Attorney General's communications with GT from its privilege log. After providing reasonable consideration to Defendant BOR's request, Plaintiff declined to agree to this

17

request at this time. However, Plaintiff agrees to reassess the request after Defendant BOR's first production of documents and accompanying privilege log should Defendant BOR to revisit the issue.

**Fed. R. Civ. P. 34 and 45**. In discovery, Plaintiff intends to seek records from Defendant BOR that may contain information protected under the Family Educational Rights and Privacy Act of 1974 ("FERPA"). In order to enable Defendant BOR to comply with its obligations under FERPA, the parties agree, pursuant to Fed. R. Civ. P. 29(b), to stipulate to the following procedure for requesting the production of such protected records in discovery:

When Plaintiff desires to request records that may contain FERPA protected information related to students at GT, Plaintiff agrees to make such request pursuant to a request for the production of documents under Fed. R. Civ. P. 34 with a companion subpoena for the FERPA protected records issued to Defendant BOR pursuant to Fed. R. Civ. P. 45(a)(1)(D). The parties agree that counsel for Plaintiff may serve the subpoena by sending it by electronic means to counsel for Defendant BOR, who agrees to accept service of the subpoena on behalf of Defendant BOR. The parties further agree that a subpoena issued pursuant to this procedure is a lawfully issued subpoena, and Defendant BOR further agrees not to object to the subpoena as procedurally improper or otherwise invalid under the Federal Rules of

18

Civil Procedure.

Upon receipt of the subpoena, Defendant BOR shall provide notice to the student(s) affected.  If the affected student or the student's legal guardian (whichever is applicable) does not seek protective action from the court within twenty (20) days of Defendant BOR's receipt of the subpoena, Defendant BOR shall produce the requested materials to Plaintiff without any personally identifiable information redacted.

If the affected student or student's legal guardian (whichever is applicable) seeks protective action from the court within twenty (20) days of Defendant BOR's receipt of the subpoena, Defendant BOR shall produce the requested materials to Plaintiff with personally identifiable information redacted to the extent required under FERPA within 30 days of its receipt of Plaintiff's Rule 34 request while the parties await the Court's decision on the affected student's or student's legal guardian's request for protective action.

b)  Is any party seeking discovery of electronically stored information?

**x**  Yes                              ___No

1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

19

The parties have discussed the format, sources and scope of production relative to electronically store information ("ESI") and have agreed to the following preliminary stipulations in an effort to facilitate discovery of ESI.

1. If ESI is a subject of discovery, it should be requested with as much specificity as possible to minimize the required expenses.

2. If advanced search methodologies become necessary, the parties agree to confer in attempt to reach agreement regarding the method of culling voluminous materials.  The parties agree to cooperate in the development of a list of ESI search terms that will then be run against potentially relevant data sets to determine whether, or to what extent, the terms return a large number of "false hits."  The parties further agree to confer about other search parameters including identifying relevant date limitations and specific custodian email accounts to be searched, to exclude irrelevant data.

3. If the producing party claims that production of ESI would be an "undue burden," the producing party shall raise the issue with the party seeking production as soon as possible.  Neither party shall request reimbursement for the location or production of ESI without first providing an estimate of those costs to the party seeking production and conferring about those costs.  If they cannot reach

agreement, they shall jointly seek guidance from the Court.

In the event any limitations are requested for which the parties cannot reach an agreement, the parties shall request a conference with the Court.

2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The parties have preliminarily agreed that electronically stored information may be initially produced in a searchable Portable Document Format (PDF) on the condition that the producing party will promptly produce specific records of electronically stored information in native format when requested by the opposing party.  To the extent the producing party fails to produce the electronically stored information in native format in a prompt matter not to exceed 15 (fifteen) calendar days after the request, then the opposing party reserves the right to rescind the parties' agreement to produce electronically stored information in a searchable PDF form and may require that future productions of electronically stored information be produced in native format only.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.    Other Orders:**

What other orders to the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The parties may move for a protective order under Rule 26(c) to protect a limited subset of materials, including sensitive financial information and information pertaining to certain student records.

**13.    Settlement Potential:**

a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on <u>February 25, 2020</u>, and that they participated in settlement discussions.  Other persons who participated in the settlement discussions according to party.

For plaintiff:    Lead counsel (signature):  Ed Buckley
*Lead counsel for Plaintiff*

Other participants:        Colleen Coveney, Rudi Julius

For defendant:  Lead counsel (signature): Katherine P. Stoff
*Lead counsel for Defendants*
*Board of Regents, George*
*Peterson, M. Todd Stansbury,*
*Marvin Lewis, Shoshanna*
*Engel*

Other participants:        Courtney C. Poole

22

Lead counsel (signature): Danielle Y. Conley
*Lead counsel for Defendant*
*GT Athletic Association*


Other participants:        Tania Faransso

b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(   )    A possibility of settlement before discovery.
( **x** )    A possibility of settlement after discovery.
(   )    A possibility of settlement, but a conference with the Judge is needed.
(   )    No possibility of settlement.

c) Counsel (      ) or ( **x** ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is <u>not scheduled</u>.

d) The following specific problems have created a hindrance to settlement of this case:

<u>The parties have not conducted discovery</u>.

**14.  Trial by Magistrate Judge:**

Note:  Trial before a Magistrate Judge will be jury trial if a party is otherwise entitled to a jury trial.

a) The parties (      ) do consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20 _____.

b) The parties ( **x** ) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted this 4 day of March, 2020.

*Attorneys for Plaintiff*

*/s/ Edward D. Buckley*
Edward D. Buckley
Ga Bar No. 092750
edbuckley@buckleybeal.com
Buckley Beal LLP
600 Peachtree Street, Suite 3900
Atlanta, Georgia 30308
Telephone: (404) 781-1100
Facsimile: (404) 781-1101

Lisa J. Banks
Admitted *pro hac vice*
banks@kmblegal.com
Colleen E. Coveney
Ga Bar No.686460
coveney@kmblegal.com
Joseph E. Abboud
Admitted *pro hac vice*
abboud@kmblegal.com
Katz, Marshall & Banks,
LLP
1718 Connecticut Ave, 6th
Fl.
Washington, D.C. 20009
Telephone:  (202) 299-1140
 Facsimile:  (202) 299-1148

*Attorneys for Defendants*

CHRISTOPHER M. CARR
Attorney General
Georgia Bar No.112505

BRYAN K. WEBB
Georgia Bar No. 743580
Deputy Attorney General

*s/ Katherine P. Stoff*
KATHERINE P. STOFF
Georgia Bar No. 536807
Senior Assistant Attorney General

*s/ Courtney C. Poole*
COURTNEY C. POOLE
Georgia Bar No. 560587
Assistant Attorney General

Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Tel: (404) 656-3393
Fax: (404) 657-9932
kstoff@law.ga.gov
cpoole@law.ga.gov

*Attorneys for Defendants BOR, Peterson,
Stansbury, Lewis, and Engel*

<u>s/ Danielle Y. Conley</u>
Ronald C. Machen (admitted *pro hac vice*)
Danielle Y. Conley (admitted *pro hac vice*)
Tania Faransso (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE
AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Tel.: (202) 663-6000
ronald.machen@wilmerhale.com
danielle.conley@wilmerhale.com
tania.faransso@wilmerhale.com

Christopher Paul Galanek
Georgia Bar No. 282390
BRYAN CAVE LEIGHTON
PAISNER LLP
One Atlantic Center, 14th Floor
1201 W. Peachtree Street, NW
Atlanta, GA 30309
Tel.: (404) 572-6979
chris.galanek@bclplaw.com

*Attorneys for Georgia Tech Athletic
Association*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

_____

)
MACHELLE JOSEPH                                              )
                                                            )
      Plaintiff,                                        )
                                                            )
  v.                                                      )
                                                            )
BOARD OF REGENTS OF                                         )
THE UNIVERSITY SYSTEM                                       )
OF GEORGIA;                                                 )    Civil Action No.:
GEORGIA TECH ATHLETIC                                       )    1:20-cv-00502-TCB
ASSOCIATION;                                                )
GEORGE PETERSON, in his individual                          )
capacity; M. TODD STANSBURY, in his                         )
individual capacity; MARVIN LEWIS, in                       )
his individual capacity; and                                )
SHOSHANNA ENGEL, in her individual                          )
capacity.                                                   )
                                                            )
      Defendants.                                       )
_____)

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

26

Discovery will be completed by September 4, 2020.

**IT IS SO ORDERED, this _____ day of _____, 2020.**


_____
The Honorable Timothy C. Batten
The U.S. District Court for the Northern District of Georgia

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

_____

|  |  |  |
|---|---|---|
| MACHELLE JOSEPH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BOARD OF REGENTS OF | ) | |
| THE UNIVERSITY SYSTEM | ) | |
| OF GEORGIA; | ) | Civil Action No.: |
| GEORGIA TECH ATHLETIC | ) | 1:20-cv-00502-TCB |
| ASSOCIATION; | ) | |
| GEORGE PETERSON, in his individual | ) | |
| capacity; M. TODD STANSBURY, in his | ) | |
| individual capacity; MARVIN LEWIS, in | ) | |
| his individual capacity; and | ) | |
| SHOSHANNA ENGEL, in her individual | ) | |
| capacity. | ) | |
| | ) | |
| Defendants. | ) | |

_____)

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of March, 2020, I electronically filed the

foregoing **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** with

the Clerk of Court using the CM/ECF system which will automatically send email

notification of such filing to the following attorneys of record:

Courtney Poole (cpoole@law.ga.gov)
Katherine Powers Stoff (kstoff@law.ga.gov)

28

Christopher Paul Galanek (chris.galanek@bclplaw.com)
Danielle Y. Conley (danielle.conley@wilmerhale.com)
Tania Christine Faransso (tania.faransso@wilmerhale.com)
Ronald C. Machen (ronald.machen@wilmerhale.com)

BUCKLEY BEAL, LLP

*/s/ Edward D. Buckley*
Edward D. Buckley
Georgia Bar No. 092750
*Counsel for Plaintiff*