**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

MACHELLE JOSEPH,

      *Plaintiff*,

      v.

BOARD OF REGENTS OF THE
UNIVERSITY SYSTEM OF GEORGIA;
GEORGIA TECH ATHLETIC
ASSOCIATION; GEORGE P. PETERSON,
in his individual capacity; M. TODD
STANSBURY, in his individual capacity;
MARVIN LEWIS, in his individual capacity;
and SHOSHANNA ENGEL, in her individual
capacity,

      *Defendants*.

CIVIL ACTION FILE NO.
1:20-CV-00502-TCB

## CONSENT PROTECTIVE ORDER

**PREAMBLE:**

      Plaintiff MaChelle Joseph and Defendants Board of Regents of the

University System of Georgia ("BOR"), the Georgia Tech Athletic Association

("GTAA"), George P. Peterson, Marvin Lewis, Todd Stansbury, and Shoshanna

Engel (collectively hereinafter "Parties") agree and stipulate as follows.

      This lawsuit is presently in the discovery stage, and it appears that such

discovery will involve review of personnel and employment-related documents and

confidential information relating to Plaintiff and current and former employees of Defendant BOR.  The Parties have agreed to produce such relevant, non-objectionable documents responsive to discovery requests that contain such confidential, proprietary and/or sensitive information, so long as all parties agree to limit such use of information solely to this action and in strict accordance with the terms and conditions of this Consent Protective Order.

Discovery may also involve review of confidential student education records, protected by the Family Educational Rights and Privacy Act (FERPA) (20 U.S.C. § 1232g; 34 CFR Part 99).  The Parties agree to follow proper procedures for requesting and releasing FERPA protected documents and information to ensure Defendant BOR's compliance with its duties and responsibilities with respect to maintaining the confidentiality of student education records.  To the extent FERPA protected documents and information are properly released, the parties agree to limit such use of information solely to this action and in strict accordance with the terms and conditions of this Consent Protective Order.

**CONSENT PROTECTIVE ORDER:**

IT IS HEREBY STIPULATED AND AGREED by the Parties that the following clauses of this Consent Protective Order shall govern the production and use of confidential documents in this action:

1.

As used herein, the word "document" means (a) all recordings, papers,

printed and written materials (including electronically stored information)

produced or furnished by, or obtained by the Parties during the course of this

matter through discovery; (b) all copies, extracts, and complete or partial

summaries prepared from such papers or written materials; (c) portions of

deposition transcripts and exhibits thereto which relate to, contain, or incorporate

by reference any such papers, written materials, copies, extracts, or summaries; (d)

portions of briefs, memoranda, or any other writings, filed with the Court, and

exhibits thereto, which contain, quote, cite, or describe any such papers, written

materials, copies, extracts, or summaries in a manner that would compromise the

confidentiality of the underlying paper, written materials, copy, extract, or

summary; and (e) not any materials which in the good faith judgment of counsel

are privileged or work product materials.

2.

As used herein, the word "confidential document" refers to information

protected by Rule 26(c) of the Federal Rules of Civil Procedure, or by other

applicable laws or rules as a trade secret or by privacy laws, including laws

governing personal and medical information.  A party shall not routinely designate

material as "CONFIDENTIAL," or make such a designation without reasonable inquiry to determine whether it qualifies for such designation.

3.

All documents produced and information furnished by the Parties which are designated **"CONFIDENTIAL"** by the producing party shall be treated as such by all persons to whom such documents are disclosed.  Such confidential documents, and all copies, summaries, compilations, notes, or abstracts, shall be used exclusively in this action and for no other purpose.  Unless the recipients are parties to this lawsuit or court personnel, any documents designated as **"CONFIDENTIAL"** pursuant to this Consent Protective Order may not be disclosed wholly, in part, or in substance except as set forth below.

4.

If any confidential document is used during any deposition, the deposition or relevant portions thereof (as designated by agreement of counsel) shall be treated as confidential in accordance with paragraph 6, infra.

5.

Documents, other materials and deposition testimony designated as **"CONFIDENTIAL"** pursuant to the terms of this Consent Protective Order may be used only in connection with this case and may be disclosed only to the following persons:

4

(a)    To the parties and their respective counsel of record, their associated
       attorneys, and their regularly employed support staff, including
       paralegal and clerical personnel, who have a need to review the
       documents or other materials to aid in the preparation of this case;

(b)    To the United States District Court, Northern District of
       Georgia/Atlanta Division, and any court of competent appellate
       jurisdiction, as well as court personnel, including stenographic
       reporters regularly employed by the court;

(c)    To other stenographic reporters as are necessarily incident to the
       conduct of this action; and

(d)    Only on an as needed basis, to deponents, to witnesses, prospective
       witnesses, or persons requested by counsel to furnish technical or
       other expert services, provided that such persons described above
       agree not to disclose this information to any party or person outside
       this litigation and agree to be bound by this Consent Protective Order.

6.

Prior to disclosure to potential witnesses for Plaintiff or Defendants (other
than current managerial employees of Defendant BOR) of documents or other
materials designated as **"CONFIDENTIAL"** pursuant to this Consent Protective
Order, counsel shall show the witness a copy of this Order and secure his or her

5

written agreement to be bound by the terms of this Order.  Such written agreement

shall take the form of the acknowledgement attached hereto as Exhibit A.

7.

All documents, transcripts or other materials afforded confidential treatment

pursuant to this Consent Protective Order and in the possession of the Parties or

their counsel, including any extracts, summaries or compilations taken therefrom,

but excluding any materials which in the good faith judgment of counsel are work

product materials, shall be either (i) returned to the producing party's counsel

within sixty (60) days after the final resolution of this matter or (ii) destroyed by

the receiving party with confirmation of such destruction provided to the producing

party within sixty (60) days after the final resolution of this matter.

8.

Pursuant to the Court's Instructions to Parties and Counsel [ECF No. 5], any

documents (including briefs), tangible things or information designated as

**"CONFIDENTIAL"** that are submitted to the Court in support of or in opposition

to a motion or introduced at a hearing or during trial may retain their protected

confidential status only by order of the Court in accordance with the procedures

outlined in paragraph 12 of the Court's Instructions to Parties and Counsel.  Those

procedures are as follows.

(a)     For documents filed other than during a hearing or trial, counsel shall electronically file on CM/ECF a motion to seal that lists the document(s) that counsel wants filed under seal and a proposed order granting the motion. The documents that counsel wish to be sealed should be *provisionally* filed on CM/ECF, per the directions set out in *Procedures for Electronic Filing Under Seal in Civil Cases* on the Court's website under "Electronic Case Filing Info". (See also Appendix H to the Local Rules.) Counsel should not send paper copies of the documents to chambers or to the Clerk's office.

(b)     For tangible things other than documents, the parties shall deliver the items to Ms. Uzma Wiggins in chambers along with a proposed order permitting the tangible things to be filed under seal.

(c)     The opposing party shall not be permitted to oppose the motion to file under seal. The Court will review, in camera, the documents and tangible things sought to be sealed. If the Court agrees that they should be sealed, the proposed order will be filed.

(d)     A party who seeks to introduce protected documents, tangible things or information at a hearing or during trial shall orally advise the Court at the time of introduction that the documents, tangible things or information sought to be introduced are protected. The Court will

review the protected documents, tangible things or information in camera, and make an oral ruling. The Clerk will file any such documents or tangible things under seal.

(e)     Also, if a party seeks to have only a portion of a document (including briefs) filed under seal, only that portion will be filed under seal, and counsel shall follow the process described above, simultaneously filing electronically a redacted version of the document filed under seal.

9.

Any challenges to the designation of a document or information as **"CONFIDENTIAL"** shall be filed no later than the close of discovery or within ten days of receipt of the document, whichever last occurs.  Any party who challenges such a designation shall specifically identify to the producing party the document or information it believes was wrongly designated as "**CONFIDENTIAL**," whereupon the designating party shall provide to the challenging party within five (5) business days from receipt of the challenge a written statement describing the grounds supporting its designation unless it determines to remove the designation.  If the challenging party is not satisfied, the parties shall meet and confer in good faith to attempt a voluntary resolution of any challenge to a designation.  In the event the parties fail to reach agreement, they

shall present such dispute informally for resolution by telephonic conference by

making a request for such a conference to the presiding judge's staff attorney or

staff.

10.

In light of the confidentiality protections established under FERPA for

student educational records, the parties agree to abide by the following procedure

for release or exchange of educational records which contain personally

identifiable information of any student, unless the written consent has been

provided by the affected student, or the student's legal guardian (whichever is

applicable) for the release of the student's records for use in this litigation:

(a)   When educational records containing personally identifiable

information of any <u>student athlete</u> or student who worked on or with

the WBB team are requested pursuant to a subpoena or directed to be

produced pursuant to an order from the Court, Defendant BOR shall

provide notice to the student(s) affected upon receipt of the subpoena

or Court order. For purposes of this subparagraph, the term "student

who worked on or with the WBB team" shall be limited to student

managers and student members of the Gold Squad.  If no objection is

filed with the Court by the affected student athlete, or the student

athlete's legal guardian (whichever is applicable) prior to the deadline

for production of the documents pursuant to the subpoena or Court

order, Defendant BOR shall produce such materials without

redactions of any personally identifiable information.

(b)     Prior to production of other student  educational records subject to

FERPA, Defendant shall redact all personally identifiable information

(as the term is defined in 34 C.F.R. 99.3) as follows: (a) the student's

name shall be redacted; (b) the name of the student's parent or other

family members shall be redacted; (c) the address of the student or

student's family shall be redacted; (d) the student's social security

number or other student number shall be redacted; and (e) other

indirect identifiers, such as the student's date of birth, place of birth,

and mother's maiden name, shall be redacted. Further, the parties

shall confer and agree to appropriate measures on an as needed basis

to maintain any student's confidentiality to the extent that the

document contains other information that, alone or in combination, is

linked or linkable to a specific student that would allow a reasonable

person in the school community, who does not have personal

knowledge of the relevant circumstances, to identify the student with

reasonable certainty.

(c)     Should Plaintiff seek production of education records without

redaction of personally identifiable information of any students who are/were not student athletes, Plaintiff shall seek an order from the Court compelling such production.

## 11.

Any discovery material containing confidential information that has been inadvertently produced without identification as to its confidential nature may be so designated by the disclosing party through written notice to counsel for the receiving parties which identifies the non-designated discovery material as confidential within a reasonable time following the discovery that such information has been produced without a proper confidentiality designation.

## 12.

Pursuant to Federal Rule of Evidence 502(d), the inadvertent disclosure of any document that is subject to a legitimate claim that the document is subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection ("Privileged Information") shall not waive the protection or the privilege for either that document or for the subject matter of that document.

In the event a party inadvertently discloses Privileged Information, the disclosing party must promptly notify the party receiving the Privileged Information, in writing, that it has disclosed that Privileged Information without intending a waiver by the disclosure.  Regardless of whether the receiving party

disputes the claim, any Privileged Information shall be, upon written request, promptly returned to the disclosing party, or destroyed, at the disclosing party's option.

If the receiving party disputes whether a disclosed document is privileged or is protected by work product, the parties agree to meet and confer in good faith as to whether such material is privileged or work product protected.  If the parties are unable to reach agreement, the receiving party may, within twenty (20) days after the parties have met and conferred, file a motion for an appropriate order from this Court.  Any such motion shall be filed under seal with the Court.  The disclosing party shall have the burden of establishing that the material is covered by privilege or work product protection.  Pending resolution of the motion, the receiving party shall not use the challenged Privileged Information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed motion.

Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the disclosing party that such materials have been produced.

13.

This Protective Order may be amended without leave of Court and by

agreement of the parties in the form of a stipulation that shall be filed in this action.

14.

The provisions of this Consent Protective Order will not affect the

admissibility of evidence at trial or any preliminary evidentiary proceeding in open

court, except as directed by separate order entered for good cause shown.


**SO ORDERED** this 23rd day of ____March_____, 2020.


_____
JUDGE TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT COURT JUDGE


CONSENTED TO BY:

/s/ Edward D. Buckley
Edward D. Buckley
Ga Bar No. 092750
edbuckley@buckleybeal.com
Buckley Beal LLP
600 Peachtree Street, Suite 3900
Atlanta, Georgia 30308
Telephone: (404) 781-1100
Facsimile: (404) 781-1101

Lisa J. Banks
Admitted *pro hac vice*

/s/Katherine P. Stoff
Katherine P. Stoff
Georgia Bar No. 536807
Courtney C. Poole
Georgia Bar No. 560587
Bryan K. Webb
Georgia Bar No. 743580
Georgia Department of Law
40 Capitol Square SW
Atlanta, Georgia 30334
Telephone:  (404) 656-3393

13

banks@kmblegal.com
Colleen E. Coveney
Ga Bar No.686460
coveney@kmblegal.com
Joseph E. Abboud
Admitted *pro hac vice*
abboud@kmblegal.com
Katz, Marshall & Banks, LLP
1718 Connecticut Ave
Sixth Floor
Washington, D.C. 20009
Telephone:  (202) 299-1140
 Facsimile:  (202) 299-1148


*Attorneys for Plaintiff*

Email: kstoff@law.ga.gov
          cpoole@law.ga.gov

*Attorneys for Defendants  BOR,
Peterson, Stansbury, Lewis and
Engel*


s/ Danielle Y. Conley
Ronald C. Machen (admitted *pro hac
vice*)
Danielle Y. Conley (admitted *pro hac
vice*)
Tania Faransso (admitted *pro hac
vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Tel.: (202) 663-6000
ronald.machen@wilmerhale.com
danielle.conley@wilmerhale.com
tania.faransso@wilmerhale.com

Christopher Paul Galanek
Georgia Bar No. 282390
BRYAN CAVE LEIGHTON
PAISNER LLP
One Atlantic Center, 14th Floor
1201 W. Peachtree Street, NW
Atlanta, GA 30309
Tel.: (404) 572-6979
chris.galanek@bclplaw.com

*Attorneys for Georgia Tech Athletic
Association*

**Exhibit A**

## **STATEMENT OF CONFIDENTIALITY**

By signing this document, I hereby certify that I have read the Consent

Protective Order entered into by the parties in *MaChelle Joseph v. Board of*

*Regents of the University System of Georgia, et al;* Civil Action File No. 1:20-CV-

00502-TCB, United States District Court, Northern District of Georgia/Atlanta

Division, on _____ (date).  I understand the Agreement and

agree to abide by its contents by not disclosing confidential information to anyone

other than the parties to that lawsuit or their counsel of record or employees or

professional assistants of counsel of record, except as required by lawful judicial

process.

 

 

_____

Signature

 

 

_____

Name (printed)

 

 

_____

Date

16

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

MACHELLE JOSEPH,

     *Plaintiff*,

     v.

BOARD OF REGENTS OF THE
UNIVERSITY SYSTEM OF GEORGIA;
GEORGIA TECH ATHLETIC
ASSOCIATION; GEORGE P. PETERSON,
in his individual capacity; M. TODD
STANSBURY, in his individual capacity;
MARVIN LEWIS, in his individual capacity;
and SHOSHANNA ENGEL, in her individual
capacity,

     *Defendants*.

CIVIL ACTION FILE NO.
1:20-CV-00502-TCB

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2020, I electronically filed the foregoing

**CONSENT PROTECTIVE ORDER** with the Clerk of Court using the CM/ECF

system which will automatically send e-mail notification of such filing to the

following attorney of record:

Edward D. Buckley
edbuckley@buckleybeal.com
T. Brian Green
bgreen@buckleybeal.com
Lisa J. Banks
banks@kmblegal.com

17

*Counsel for Plaintiff*

Christopher Paul Galanek
chris.galanek@bclplaw.com
Danielle Conley
Danielle.conley@wilmerhale.com
Tania Faransso
tania.faransso@wilmerhale.com

*Attorneys for Defendant Georgia Tech Athletic Association*

s/ Katherine Powers Stoff
Senior Assistant Attorney General
*Attorney for Defendants BOR, Peterson,*
*Stansbury, Lewis and Engel*

18