IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MACHELLE JOSEPH,<br><br>    Plaintiff,<br><br>  v.<br><br>BOARD OF REGENTS OF<br>THE UNIVERSITY SYSTEM<br>OF GEORGIA;<br>GEORGIA TECH ATHLETIC<br>ASSOCIATION;<br>GEORGE PETERSON, in his individual capacity; M. TODD STANSBURY, in his individual capacity; MARVIN LEWIS, in his individual capacity; and SHOSHANNA ENGEL, in her individual Capacity.<br><br>    Defendants. | Civil Action No.:<br>1:20-CV-00502-TCB |

**JOINT MOTION FOR EXTENSION OF TIME
TO COMPLETE DISCOVERY AND FILE FOR SUMMARY JUDGMENT**

Plaintiff MaChelle Joseph, Defendant Board of Regents of the University System of Georgia ("BOR"), and Defendant Georgia Tech Athletic Association ("GTAA") (together, the "Parties"), respectfully move the Court to extend the deadline for the Parties to complete discovery by an additional one hundred forty (140) days, through February 28, 2021. The Parties further move the Court to extend

the deadline to file motions for summary judgment to June 25, 2021.

The Parties submit that good cause exists to extend the current deadlines to conduct fact discovery and file motions for summary judgment, and in support of this joint motion they state as follows:

1. The discovery period in this case is currently set to conclude on October 11, 2020.

2. Pursuant to the Court's scheduling order and Local Rule 56.1, the Parties must file motions for summary judgment by no later than 30 days after the close of discovery, *i.e.*, on or before November 10, 2020.

3. This is the Parties' first request for an extension of the discovery period and/or the deadline to file motions for summary judgment in this action.

4. Counsel for the Parties have conferred at length about extending these deadlines via email exchanges and during calls held on August 21, 2020; August 28, 2020; September 11, 2020; September 23, 2020; and September 30, 2020.

5. The good cause in support of the requested deadline extensions includes the impact of the COVID-19 Pandemic on the conduct of discovery; the effects of current and anticipated leaves of absence of key counsel of record on the Parties' pursuit of discovery and summary judgment filings; the document and deposition intensive nature of this case; delays associated with a third party's

response to Plaintiff's subpoena *duces tecum*; and the Parties' desire to potentially explore settlement after fact discovery has concluded but before beginning the considerable undertaking of preparing and filing motions for summary judgment.

6. The exigent circumstances created by the COVID-19 Pandemic have impacted the Parties' ability to conduct discovery. As part of addressing the unprecedented obstacles to litigation caused by COVID-19, in several instances the Parties have mutually agreed to extend the default deadlines to respond to written discovery requests by periods of up to 60 days.

7. The requested deadline extensions are further justified by leaves of absence of key counsel of record. During the current discovery period, two of Plaintiff's lawyers have been out of the office on extended periods of maternity leave (Colleen Coveney) and paternity leave (Joseph Abboud). Although Plaintiff is represented by other counsel of record, Ms. Coveney and Mr. Abboud are uniquely knowledgeable about the facts of Plaintiff's case and their absence has hindered Plaintiff's ability to pursue fact-intensive discovery. Ms. Coveney is scheduled to return from leave on or around October 19, 2020, and Mr. Abboud is scheduled to return in early 2021. By granting the requested extension to the discovery period, Plaintiff will be better positioned to utilize the knowledge of these attorneys in conducting discovery upon their respective returns from leave,

especially in connection with preparing for and taking depositions of important fact witnesses.

8. Similarly, lead counsel for BOR anticipates that she will be out on maternity leave beginning in mid-February 2021. Due to the timing of her maternity leave, this anticipated period of leave is less likely to impact BOR's pursuit of fact discovery. However, the Parties agree that BOR's ability to file for summary judgment at the conclusion of the extended discovery period would be prejudiced unless the Court also extended the Parties' deadline to file for summary judgment. BOR anticipates that its undersigned counsel will return from leave by mid-May 2021. Upon her return, BOR will be better positioned to utilize her unique knowledge of this case in moving for summary judgment on or before the requested deadline extension of June 25, 2021.

9. The document intensive nature of this case also weighs in favor of granting the Parties' requested deadline extensions. To date, the Parties have produced approximately 25,000 pages of documents in response to their respective written discovery requests. In addition, Plaintiff is in the process of returning a significant amount of electronically stored information to Defendant GTAA, which must be reviewed for responsiveness to pending discovery requests. It is further anticipated that additional, rolling productions of documents may be needed upon

review of these devices and/or as depositions progress.

10. Additional circumstances involving Plaintiff's third-party subpoena practice justify the requested extension. On September 9, 2020, Plaintiff served a subpoena *duces tecum* on the National Collegiate Athletic Association ("NCAA"). The NCAA has informed Plaintiff that recently announced NCAA staff furloughs are likely to delay the NCAA's response to Plaintiff's subpoena by at least several more weeks, and potentially longer. Plaintiff considers these NCAA documents to be a core component of her affirmative case and her counsel is continuing to confer with the NCAA's counsel in seeking the production of those materials.

11. The number of remaining depositions in this case also justifies the Parties' requested deadline extensions. At present, Plaintiff has deposed one non-party witness and Defendants have taken no depositions. The Parties intend to pursue additional depositions in the near future. Specifically, Plaintiff anticipates that the circumstances of this factually complex case are such that Plaintiff will exceed the ten (10) deposition limit contemplated by Rule 30 of the Federal Rules of Civil Procedure. Defendants, in the interest of good faith cooperation, have agreed to allow Plaintiff to exceed the ten deposition limit contemplated by Rule 30 of the Federal Rules of Civil Procedure. The Parties are continuing to confer about the appropriate number of depositions in this matter, and they hope to reach

an agreement on that issue without the need to involve the Court in that dialogue.

12. Finally, the Parties believe that granting the requested extensions will supply the Parties with additional time to explore the potential for settlement after fact discovery has concluded but before the resource-intensive work of summary judgment motions begins in earnest.

13. For the reasons outlined above, the Parties agree that an extension of one hundred forty (140) days would be sufficient to conduct and complete discovery, and it is the Parties' intention that no further extensions to the discovery schedule will be sought beyond the instant motion. The Parties further agree that extending the deadline to file for summary judgment to June 25, 2021 would be sufficient to ensure that the Parties' ability to file dispositive motions is not prejudiced by extending fact discovery, and the Parties similarly do not intend to seek further extensions of the deadline to file motions for summary judgment.

14. The Parties agree that granting the requested extensions will not prejudice any party and they warrant to the Court that these extensions are not sought for the purposes of delay or any other purpose contrary to the Federal Rules of Civil Procedure and the Local Rules of this Court.

WHEREFORE, the Parties respectfully request that the Court grant this Joint Motion and enter an order (i) extending the discovery period in this case for an

additional one hundred twenty (140) days, through and including February 28, 2021, and (ii) extending the deadline for the Parties' to file for summary judgment to June 25, 2021.

A proposed Order amending the Court's Scheduling Order is attached hereto.

Respectfully submitted this 1st day of October, 2020.

| | |
|---|---|
| /s/ Edward D. Buckley | /s/ Courtney C. Poole |
| Edward D. Buckley | Courtney C. Poole |
| GA Bar No. 092750 | Georgia Bar No. 560587 |
| edbuckley@buckleybeal.com | Katherine P. Stoff |
| Rudi Julius | Georgia Bar No. 536807 |
| GA Bar No. 605298 | Georgia Department of Law |
| rjulius@buckleybeal.com | 40 Capitol Square SW |
| Buckley Beal, LLP | Atlanta, Georgia 30334 |
| 600 Peachtree Street NE, Suite 3900 | Telephone:  (404) 656-3393 |
| Atlanta, GA 30308 | Facsimile:  (404) 657-9932 |
| Telephone: (404) 781-1100 | Email: cpoole@law.ga.gov |
| Facsimile:  (404) 781-1101 | kstoff@law.ga.gov |
| | |
| Lisa J. Banks (admitted *pro hac vice*) | *Counsel for Defendant BOR* |
| banks@kmblegal.com | |
| Matthew S. Stiff (admitted *pro hac vice*) | /s/ Tania Faransso |
| stiff@kmblegal.com | Ronald C. Machen (admitted *pro hac vice*) |
| Katz, Marshall & Banks, LLP | |
| 1718 Connecticut Avenue, NW, Sixth Floor | Danielle Y. Conley (admitted *pro hac vice*) |
| Washington, D.C. 20009 | Tania Faransso (admitted *pro hac vice*) |
| Phone: (202) 299-1140 | Jamie Yood (admitted *pro hac vice*) |
| Fax:    (202) 299-1148 | WILMER CUTLER PICKERING HALE AND DORR LLP |
| *Counsel for Plaintiff* | 1875 Pennsylvania Avenue, NW |

7

Washington, D.C. 20006
Tel.: (202) 663-6000
ronald.machen@wilmerhale.com
danielle.conley@wilmerhale.com
tania.faransso@wilmerhale.com
jamie.yood@wilmerhale.com


Christopher Paul Galanek
Georgia Bar No. 282390
BRYAN CAVE LEIGHTON
PAISNER LLP
One Atlantic Center, 14th Floor
1201 W. Peachtree Street, NW
Atlanta, GA 30309
Tel.: (404) 572-6979
chris.galanek@bclplaw.com

*Counsel for Defendant Georgia Tech Athletic Association*

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| MACHELLE JOSEPH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BOARD OF REGENTS OF )<br>THE UNIVERSITY SYSTEM )<br>OF GEORGIA; )<br>GEORGIA TECH ATHLETIC )<br>ASSOCIATION; )<br>GEORGE PETERSON, in his individual )<br>capacity; M. TODD STANSBURY, in his )<br>individual capacity; MARVIN LEWIS, in )<br>his individual capacity; and )<br>SHOSHANNA ENGEL, in her individual )<br>Capacity. )<br>)<br>Defendants. )<br>) | Civil Action No.:<br>1:20-CV-00502-TCB |

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2020, I electronically filed the foregoing JOINT MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY AND FILE FOR SUMMARY JUDGMENT with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

9

**BUCKLEY BEAL, LLP**

<u>/s/ Edward D. Buckley</u>
Edward D. Buckley
Georgia Bar No. 092750
*Counsel for Plaintiff*