IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MACHELLE JOSEPH,<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF REGENTS OF<br>THE UNIVERSITY SYSTEM<br>OF GEORGIA and<br>GEORGIA TECH ATHLETIC<br>ASSOCIATION.<br><br>Defendants. | Civil Action No.:<br>1:20-CV-00502-TCB |

**PLAINTIFF'S REPLY TO DEFENDANT BOARD OF REGENTS'
RESPONSE TO PLAINTIFF'S NOTICE REGARDING FAILURE TO
PRESERVE TEXT MESSAGE EVIDENCE**

Plaintiff MaChelle Joseph ("Plaintiff"), through undersigned counsel, hereby files this Reply to Defendant Board of Regents of the University System of Georgia's ("BOR") Response (ECF 130) to Plaintiff's Notice Regarding BOR's Failure to Preserve Text Message Evidence (ECF 123). In its Response, BOR exaggerates the facts and Plaintiff's arguments to distract from the basic truth: BOR failed to take reasonable steps to preserve relevant evidence in the possession of four key witnesses, including the decision-maker in this case and his Chief of Staff, once

on notice of both potential and actual litigation with Plaintiff. As a result, relevant evidence was destroyed. BOR's failure to uphold its duty to preserve evidence has deprived Plaintiff of evidence she needed to prosecute her case.

## I. INTRODUCTION

The issue before the Court is whether BOR had a duty to take reasonable steps to preserve electronically stored information ("ESI") in the form of text message communications on the work-issued phones of four important witnesses – George Peterson, Lynn Durham, Joeleen Akin, and Felicia Tucker ("the Custodians") – once on notice of potential litigation with Plaintiff. As set forth in her Notice, Plaintiff believes that the answer to that question is a resounding "yes."

While BOR concedes that it had a duty to preserve relevant evidence, including text messages, once on of notice of potential litigation with Plaintiff, it goes out of its way to argue that this duty did not cover text message evidence in possession of the Custodians. Specifically, BOR argues that it had no duty to preserve all text messages, but only those few that it knew for a fact were relevant, and that it had no reason to believe that the Custodians had relevant text messages in need of preserving. Next it argues that the preservation of these text messages would have been disproportionate to the needs of the case, inconsequential given the volume of documents produced, and too costly given BOR's limited resources.

The Court should reject BOR's arguments. BOR had a duty to preserve relevant text message evidence on the work-issued phones of the Custodians, and doing so would not have been burdensome or disproportionate to the needs of the case. By failing to take reasonable steps to preserve this text message evidence, relevant evidence was destroyed. Because Plaintiff has made a preliminary showing of spoliation, she respectfully asks for the opportunity to file a Motion for Sanctions.[1]

## II.   ARGUMENT

### A. BOR had a duty to preserve relevant text message evidence in the possession of key witnesses.

First, BOR's attempt to excuse its failure to preserve text messages on the work-issued phones of four important witnesses by recasting Plaintiff's argument as a demand that BOR must preserve every passing communication in the possession

---

[1] BOR also faults Plaintiff for not identifying what specifically the "now-missing" evidence said. BOR's criticisms are misplaced. Plaintiff cannot specifically delineate the "now-missing" evidence because BOR destroyed it. This is precisely why courts recognize that the burden to show the relevance of destroyed evidence should not be onerous. *See, e.g., Alabama Aircraft Indus., Inc. v. Boeing Co.*, 319 F.R.D. 730, 742 (N.D. Ala. 2017) ("[I]n spoliation cases, courts must not hold the prejudiced party to too strict a standard of proof regarding the likely contents of the destroyed evidence because doing so allows the spoliators to profit from the destruction of evidence.") (internal quotation and citation omitted); *see also Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 616 (S.D. Tex. 2010) (same). Further, the purpose of Plaintiff's Notice was to establish that BOR failed in its duty to preserve relevant evidence in order to obtain leave of court to file a Motion for Sanctions, in which she intends to detail the evidence she believes was lost. ECF 119 at ¶¶ 7-8; ECF 122.

of every witnesses is a red-herring. Plaintiff <u>has never</u> argued that BOR had a duty to preserve every shred of evidence or passing communication in this case. Notice, p. 19, n.15. Instead, Plaintiff argues that BOR had a duty to take reasonable steps to preserve relevant ESI, including text messages, belonging to the Custodians.

BOR had such a duty. Once on notice of potential litigation, parties have a duty to take reasonable steps to preserve relevant evidence in the possession of "those employees likely to have relevant information – the key players in the case, and applies to unique, relevant evidence that might be useful to the adversary." *Dee Atta v. Cisco Sys.,Inc.*, No. 1:18-cv-1558-CC-JKL, 2020 WL 7384689, at *5 (N.D. Ga. Aug. 3, 2020). This includes electronically stored information, such as text messages. *See* Fed. R. Civ. P. 37(e); *Living Color Enterprises, Inc. v. New Era Aquaculture, Ltd.*, No. 14-CV-62216, 2016 WL 1105297, at *3 (S.D. Fla. Mar. 22, 2016) (finding that text messages are ESI governed by Rule 37(e)). Here, the parties agree that BOR was on notice of potential litigation with Plaintiff at least as of February 26, 2019. Notice, pp. 4, 14; Response, p. 4.[2] At that time, BOR knew or

---

[2] Plaintiff contends that BOR was on notice of potential litigation on November 21, 2018, when Plaintiff's counsel sent Dr. Peterson a letter asserting that BOR violated Plaintiff's rights under federal antidiscrimination law. Nonetheless, for the purposes of this Reply, Plaintiff assumes *arguendo* that the duty attached on February 26, 2019. However, BOR's argument that it was only on "limited" notice as of February 26, 2019, is specious. On February 27, 2019, Plaintiff's counsel sent an email to, among others, Dr. Peterson foreshadowing potential litigation, and on March 6,

should have known that the Custodians were all key witnesses in the case who had relevant evidence in their possession, including text message evidence. Notice, pp. 6-8.[3]

### B. The Custodians were key witnesses whose text messages BOR should have preserved.

Second, BOR's claim that it had no reason to believe that the Custodians had relevant text messages is unavailing.[4] Ms. Durham, Ms. Akin, and Ms. Tucker had

---

2019, the outside investigator retained to investigate Plaintiff specifically asked who would represent GT if Plaintiff sued. Notice, Exhibits 5-6.

[3] BOR listed all of the Custodians in its Initial Disclosures as witnesses with relevant information. *See Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 433 (S.D.N.Y. 2004) (holding "key players" include "the people identified in a party's initial disclosures and any subsequent supplementation thereof").

[4] BOR's repeated refrain that "this is not a case where any specific text messages are at issue" is also a red herring. Once on notice of potential litigation, a party has a duty to preserve relevant evidence, including ESI, in the possession of key witnesses that may be relevant and helpful to the adversary. The duty to preserve relevant ESI extends to the text messages of key witnesses, regardless of whether the Plaintiff has put a specific text message at issue. *See Paisley Park Enters., Inc. v. Boxill*, 330 F.R.D. 226, 233 (D. Minn. 2019) (preservation efforts unreasonable where defendant's litigation hold did not ensure the preservation of text messages, noting that "[i]n the contemporary world of communications…the Court is baffled as to how Defendants can reasonably claim to believe that their text messages would be immune from discovery.") Notably, none of the cases BOR cites to support its argument that only specific text messages at issue in a case need to be preserved address the scope of a party's duty to preserve text message evidence. In fact, they do not even involve any sort of discovery disputes. Instead, the Courts in those cases were deciding dispositive motions, and in the context of that analysis, did what

5

collectively exchanged over 100 text messages with GT's then-acting General Counsel, Aisha Oliver-Staley, about Plaintiff and issues bearing on her employment for weeks, if not months, before February 26, 2019.[5]  *See* BOR-005827-005837 (over 20 text messages between Ms. Durham and Ms. Oliver-Staley between January 23 and February 26, 2019, including messages about the player complaints against Plaintiff, her termination, and the Littler investigation); BOR-015938-015944, BOR-005769-BOR-005799 (over 50 text messages between Ms. Akin and Ms. Oliver-Staley between January 28 and February 26, 2019, including about the alleged player complaints against Plaintiff); BOR-0015445-BOR-0015459 (over 100 text messages between Ms. Tucker and Ms. Oliver-Staley between January 17 and February 26, 2019).

---

Courts are required to do in the context of such motions: assessed the evidence, which in those cases, happened to include text messages.

[5] At various points in its brief, BOR suggests that it did not know that Ms. Durham, Ms. Akin, and Ms. Tucker had relevant text messages on their phones as of February 26, 2019, because none of them had the authority to make any decisions with respect to Plaintiff's employment.  For preservation purposes, whether someone is a decision-maker is irrelevant.  A party's duty to preserve evidence is broad and requires preservation of relevant evidence in the possession of all key witnesses, regardless of whether the witness was the decision-maker. BOR's narrow interpretation would make every employment termination case a one-or two-witness case. This is an objectively unreasonable standard.

Evidence produced from other custodians show that at least Ms. Durham and Ms. Akin exchanged dozens of other relevant text messages with a host of witnesses in the case, including the other decision-maker Athletic Director Todd Stansbury, Deputy Athletic Director Mark Rountree, Associate Athletic Director of Compliance Shoshanna Engel, and current and former women's basketball players. Together, these communications establish that BOR knew or should have known that Ms. Durham, Ms. Akin, and Ms. Tucker had relevant text messages in their possession that BOR had an obligation to preserve. *See, e.g., Paisley Park*, 330 F.R.D. at 233 (finding that there was no "reasonable dispute that" the custodians whose text messages were destroyed had "text messages [that] were likely to contain information relevant to this litigation" where text messages produced from the phones of other custodians showed that the custodians had sent relevant text message communications).[6] *See also* Notice at pp. 17-18.

BOR's claim that it had no duty to preserve evidence on Dr. Peterson's phone because a limited review of text messages on the phones of other custodians,

---

[6] BOR suggests that it satisfied its duty to preserve text message evidence because it preserved and produced some text message evidence. Response, pp. 9-10. The Court should reject this argument too. Text messages produced from the phones of other custodians show that the Custodians had been texting about some of the most critical issues in this case. BOR's failure to preserve the text message evidence in the possession of these four witnesses cannot be excused by the fact that it happened to preserve other text messages.

7

conducted nearly two years late, revealed that Dr. Peterson did not send any "substantive" text messages to these custodians should be rejected. The duty to preserve evidence attaches when a party is on notice of potential litigation, and it obligates the party to preserve potentially relevant evidence in the possession of key witnesses. Dr. Peterson was one of two decision-makers to whom Plaintiff directed her February 27, 2019, e-mail foreshadowing potential legal action, and who Plaintiff named as an individual defendant in her lawsuit. BOR knew or should have known that Dr. Peterson had potentially relevant information in his possession, including ESI such as text message communications on work-issued phone, which BOR has acknowledged he may have used to communicate with GT officials.[7]

In light of the above, it is clear that at least by February 26, 2019, BOR had a duty to take reasonable steps to preserve relevant evidence in the possession of relevant witnesses, which should have included preserving text message evidence in the possession of Dr. Peterson, Ms. Durham, Ms. Akin, and Ms. Tucker.

---

[7] BOR also now claims that Dr. Peterson does not have any "relevant" text messages on his phone. Plaintiff does not understand how BOR could possibly make this representation to her and to this Court in light of the fact that his messages have been destroyed. But, even if BOR is now in a position to definitively say that there were not relevant communications on Dr. Peterson's phone for the relevant nine-month time period at issue, there is no evidence that BOR knew as of February 26, 2019, that Dr. Peterson did not have any "relevant" text messages on his phone, or that it made any reasonable inquiry at that time about Dr. Peterson's text messaging habits.

### C. Preserving the text message evidence would not have been burdensome or disproportionate to the needs of the case.

Third, BOR makes the unsupported argument that the steps required to preserve the text messages would have been disproportionate to the needs of the case, and that it need not have undertaken them because it has already produced a large number of documents and it has limited resources. Response, pp. 13-15.

1. *Preservation of text messages is not burdensome.*

The steps that would have been required to preserve this text message evidence would not have been burdensome. BOR could have simply issued a litigation hold notice to relevant witnesses, including the Custodians, specifically instructing them to turn off automatic deletion settings and not to manually delete text messages. It could have then worked to ensure compliance with the litigation hold throughout discovery.[8] Drafting and sending a letter to this effect would have

---

[8] Plaintiff is not aware of any litigation hold notice or notices that BOR issued in this case because BOR has refused to provide that information. To the extent BOR issued a litigation hold notice that had instructions with respect to ESI, including text messages, it is clear that the litigation hold notice was either deficient or that BOR failed to monitor compliance with the instructions in the letter. *See, e.g., Youngevity Int'l v. Smith*, No. 3:16-CV-704-BTM-JLB, 2020 WL 7048687, at *3 (S.D. Cal. July 28, 2020) (finding that defendants' litigation hold was "insufficient because after it occurred the Relevant Defendants took no affirmative steps to preserve text messages, resulting in their deletion") (citing *CrossFit, Inc. v. Nat'l Strength & Conditioning Ass'n*, 2019 WL 6527951, at *8 (S.D. Cal. Dec. 4, 2019) (holding failure to modify default settings to prevent destruction of emails was not reasonable because there were massive losses of ESI after issuing a formal litigation

taken minimal effort at the front end, and monitoring it for compliance would have taken minimal efforts throughout discovery. *See, e.g., Paisley Park*, 330 F.R.D at 233 (the process to prevent the destruction of text messages "would have cost . . . Defendants little, particularly in comparison to the importance of the issues at stake . . . . Failure to follow the simple steps detailed above alone is sufficient to show that Defendants acted unreasonably.").

        2.    *The production of some documents does not justify the destruction of other documents.*

BOR's failure to preserve the text message evidence on the Custodians' phones is not justified by the production of other relevant evidence, either. Response, p. 9. Both BOR and Plaintiff have produced a large quantity of information in this case. That is because this is a factually complex case with many witnesses. BOR's extensive production does not create a license to destroy other relevant documents. *Youngevity Int'l v. Smith*, No. 3:16-CV-704-BTM-JLB, 2020 WL 7048687, at *3 (S.D. Cal. July 28, 2020) ("[W]hile the defendants assert that an overall massive ESI production should be weighed against any gaps in the

---

hold) and *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 983 (N.D. Cal. 2012) (litigation hold resulting in production of 70,000 pages of ESI was insufficient where defendants did not ensure compliance with the litigation hold and some ESI was automatically deleted, including relevant ESI from key witnesses)).

10

[Defendants'] text messages, unreasonable efforts to preserve text messages from the [Defendants] cannot be forgiven by an overall massive ESI production.").

### 3. *BOR can afford to issue a litigation hold letter.*

BOR's limited resources also do not excuse its failure to preserve the text messages at issue.[9] BOR cites the Federal Rules of Civil Procedure Advisory Committee Notes for the proposition that the Court should consider BOR's limited resources when evaluating the reasonableness of its preservation efforts. That committee note involves the form of information preservation: it does not address a party's failure to preserve information. *See* Fed. R. Civ. P. 37, 2015 Advisory Committee Notes ("A party may act reasonably by choosing a less costly form of information preservation, if it is substantially as effective as more costly forms."). BOR had the resources to issue a proper litigation notice when it was put on notice of potential litigation, and to monitor compliance with that notice. It failed to do so.

### D. Relevant evidence has been destroyed.

Finally, BOR attempts to thwart Plaintiff's request to file a Motion for Sanctions by arguing that Plaintiff has not shown, nor could she show, that the

---

[9] BOR claims that reviewing responsive messages requires an extraordinary amount of time and resources. At issue, however, is BOR's failure to preserve messages.

11

Custodians had anything "substantial or significant" to preserve.[10]  Response, p. 21. Specifically, it first BOR argues that Dr. Peterson had nothing "substantive" or "relevant" on his phone despite the fact it has not reviewed all of his text messages.[11] It then argues that the loss of any other evidence from the phones of Ms. Durham, Ms. Akin, and Ms. Tucker is insignificant because none of them were decision-makers.  These arguments lack merit.[12]

Text messages from the phones of other witnesses with the Custodians show that they exchanged text messages which are relevant to the decision-makers' intent. For instance, text message evidence has provided details about the circumstances surrounding when and why the students and parents came forward with complaints

---

[10] Again, Plaintiff cannot detail specifics of the text messages that are now missing because BOR destroyed them.  Further, the purpose of Plaintiff's Notice was to provide the Court with facts to establish in the first instance that BOR failed to preserve evidence so she could obtain leave to file her Motion for Sanctions, in which she plans to detail the significance of the evidence that has been lost. Nevertheless, Plaintiff is providing a brief overview of why the text message evidence is important, and the type of evidence she believes was lost.

[11] As stated earlier, Plaintiff does not understand how BOR knows Dr. Peterson did not have any relevant communications on his phone for the entire nine-month relevant time period at issue.

[12] Plaintiff is entitled to – and BOR had a duty to preserve – relevant evidence, not just evidence BOR deems "significant" or "substantial."  Further, BOR's repeated claims that evidence relating to meetings are not relevant are concerning.  As is demonstrated in Exhibit 1, evidence, including text message evidence, relating to meetings is plainly relevant.

about Plaintiff. These details have included evidence that GT employees, including Ms. Durham, Ms. Akin, and Ms. Tucker, actively solicited complaints from parents and other persons who had played for or worked with Plaintiff. Text messages also show that shortly after responding to GT's request to provide it complaints about Plaintiff, the students expressed reluctance about moving forward. This evidence is important to Plaintiff because it casts doubt on the stated reason for the Littler investigation – indeed, did GT really have a good faith basis to believe that the Littler investigation was necessary? Or did it exploit these player grievances to manufacture a reason to undertake the Littler investigation to identify a basis upon which to terminate Plaintiff?[13]

Furthermore, text messages, including messages sent by Ms. Durham and Ms. Akin, suggest that BOR had decided to terminate Plaintiff before the Littler investigation had even started. This evidence casts significant doubt on the stated reasons for Plaintiff's termination – namely, the allegations in the Littler report. Given how frequently relevant witnesses, particularly Ms. Durham, Ms. Akin, and

---

[13]To rebut BOR's claim that there is no reason to believe that any significant or substantial text message evidence has been lost, Plaintiff put together the attached compilation of text message evidence relating to the student and parent complaints. (Ex. 1). This compilation shows that relevant text messages from Ms. Tucker were very like destroyed, and suggests that there were likely other text messages from Dr. Peterson, Ms. Durham, and Ms. Akin that were also destroyed.

Ms. Tucker, exchanged text messages about Plaintiff and relevant events, and given the role that each played in the events that led to Plaintiff's termination, reason would suggest that there were other text messages that would have revealed the timing and details of this concerted effort against Plaintiff. But Plaintiff may never know those details because the text messages have been destroyed.[14]

### III. Conclusion

It is clear that BOR had a duty to preserve relevant ESI, including text messages, in the possession of the Custodians once on notice of litigation with Plaintiff, and that it failed to do so. In fact, the evidence shows it did just the opposite: it repeatedly failed to ask the Custodians to turn off the automatic deletion setting on their phones both before and during litigation; it deleted Ms. Durham's text messages while the parties were in active litigation; it delayed making clones of Ms. Akin's and Ms. Tucker's phones for a year after they were on notice of potential litigation, at which time five months' worth of Ms. Akin's had been automatically

---

[14] The only attempt BOR made to argue that Plaintiff could obtain the lost text messages from another source was to say that Plaintiff could depose the Custodians. While Plaintiff intends to depose the Custodians, the Custodians' memory about text messages that they may or may not have sent over two years ago is not a substitute for a contemporaneous text message communications that BOR should have preserved.

deleted and Ms. Tucker's text messages from the relevant time period had mysteriously disappeared. Notice, pp. 18-20.

Courts are clear that this is sanctionable conduct. *See, e.g., Paisley Park,* 330 F.R.D. at 233 (failure to suspend the auto-erase function on cell phones or put in place a litigation hold that ensured preservation of text messages warranted sanctions); *Living Color Enters., Inc.*, 2016 WL 1105297, at *2, 4-5 (finding that defendant failed to take reasonable steps to preserve ESI where defendant did not turn off auto-delete function on his cell phone after he had duty to preserve); *NuVasive, Inc. v. Kormanis*, No. 1:18CV282, 2019 WL 1171486, at *6-8 (M.D.N.C. Mar. 13, 2019), *report and recommendation adopted*, No. 1:18-CV-282, 2019 WL 1418145 (M.D.N.C. Mar. 29, 2019) (finding defendant failed to take reasonable steps to preserve evidence where he failed to turn off auto-delete function on his cell phone and failed to ensure there was a backup of the deleted text messages); *see also Se. Mech. Servs., Inc. v. Brody*, 657 F. Supp. 2d 1293, 1299 (M.D. Fla. 2009); *Christou v. Beatport, LLC*, No. 10-CV-02912-RBJ-KMT, 2013 WL 248058, at *13 (D. Colo. Jan. 23, 2013); *Passlogix, Inc. v. 2FA Tech., LLC*, 708 F. Supp. 2d 378, 415-17 (S.D.N.Y. 2010); *In re Pradaxa (Dabigatran Etexilate) Prod. Liab. Litig.*, No. 312MD02385DRHSCW, 2013 WL 6486921, at *17, 20 (S.D. Ill. Dec. 9, 2013), *order rescinded on other grounds*, 745 F.3d 216 (7th Cir. 2014).

Plaintiff respectfully requests the opportunity to file a Motion for Sanctions explaining why BOR's failure to preserve this evidence warrants sanctions.

Respectfully submitted this 5th day of February, 2021,

*/s/ Colleen E. Coveney*
Lisa J. Banks*
banks@kmblegal.com
Colleen E. Coveney
Georgia Bar No. 686460
coveney@kmblegal.com
Joseph E. Abboud*
abboud@kmblegal.com
Marilyn Robb*
robb@kmblegal.com
**Katz, Marshall & Banks, LLP**
1718 Connecticut Avenue, NW, Sixth Floor
Washington, D.C. 20009
Phone: (202) 299-1140
Fax:    (202) 299-1148

Edward D. Buckley
Georgia Bar No. 092750
edbuckley@buckleybeal.com
Rudi Julius
Georgia Bar No. 605298
rjulius@buckleybeal.com
**Buckley Beal LLP**
600 Peachtree Street NE, Suite 3900
Atlanta, GA 30308
Telephone: (404) 781-1100
Facsimile:  (404) 781-1101

*(admitted pro hac vice)*

*Counsel for Plaintiff*

17

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MACHELLE JOSEPH,<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF REGENTS OF<br>THE UNIVERSITY SYSTEM<br>OF GEORGIA and<br>GEORGIA TECH ATHLETIC<br>ASSOCIATION.<br><br>Defendants. | Civil Action No.:<br>1:20-CV-00502-TCB |

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2021, I electronically filed the above **REPLY TO DEFENDANT BOARD OF REGENTS' RESPONSE TO PLAINTIFF'S NOTICE REGARDING DEFENDANT BOARD OF REGENTS' FAILURE TO PRESERVE TEXT MESSAGE EVIDENCE** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Courtney Poole (cpoole@law.ga.gov)
Katherine Powers Stoff (kstoff@law.ga.gov)
Christopher Paul Galanek (chris.galanek@bclplaw.com)

Tania Christine Faransso (tania.faransso@wilmerhale.com)
Ronald C. Machen (ronald.machen@wilmerhale.com)
Jamie Yood (Jamie.yood@wilmerhale.com)

By: */s/ Colleen E. Coveney*
    Colleen E. Coveney
    Georgia Bar No. 686460

*Counsel for Plaintiff*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(C) in 14-point Times New Roman type face.

This 5th day of February 2021.

*s/ Colleen E. Coveney*
Colleen E. Coveney
Georgia Bar No. 686460

*Counsel for Plaintiff*