IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MACHELLE JOSEPH,

     Plaintiff,

v.

BOARD OF REGENTS OF THE
UNIVERSITY SYSTEM OF
GEORGIA and GEORGIA TECH
ATHLETIC ASSOCIATION,

     Defendants.

CIVIL ACTION FILE

NO. 1:20-cv-502-TCB

# O R D E R

Plaintiff MaChelle Joseph, former head coach of the Georgia Tech
women's basketball team, filed this action after her termination. She
alleges that Defendants discriminated against her on the basis of her
and her players' sex and retaliated against her following her complaints
about differential treatment. Defendants deny Joseph's claims.

Joseph has filed a notice [123] regarding what she contends is
Defendant Board of Regents of the University System of Georgia's

failure to preserve text message evidence. Joseph points to four particular witness custodians whose text messages, she contends, should have been but were not preserved: George Peterson, Lynn Durham, Joeleen Akin, and Felicia Tucker.

The Court is not prepared at this juncture to resolve all the issues contained in the briefing. However, it will make two preliminary findings.

First, there was no failure to preserve with respect to Peterson's text messages. Peterson has testified that it was not his practice to conduct Georgia Tech business by text message and that he cannot recall ever sending a substantive text message related to the investigation or termination of Coach Joseph. Joseph has provided no evidence to contradict Peterson's sworn testimony.[1]

Second, the duty to preserve arose no earlier than February 26, 2019. Joseph contends that the Board was under a duty to preserve by November 21, 2018, when her attorney sent a letter to Peterson

---

[1] Joseph has not deposed Peterson. Obviously, the Court will revisit its findings here if Dr. Peterson's deposition reveals that such revisiting is necessary.

2

accusing Georgia Tech of unlawfully discriminating and retaliating against her. However, the November letter stated that its purpose was "to help keep negotiations on track" and expressed confidence that the allegations against Joseph would "be proven baseless and that productive negotiations can resume." [123-1] at 2–3. This letter did not refer to any specific allegedly adverse actions or who took them, and did not trigger a duty to preserve.[2]

Rather, any duty to preserve attached no earlier than February 26, 2019, when Joseph was placed on administrative leave pending the outcome of the investigation. The next day, her attorney sent an email to Todd Stansbury referring to "additional legal liability." [123-3]. The Board acknowledges that it was on "limited notice" by this date. [130] at

---

[2] Joseph points to *Coalition America, Inc. v. Arlotta*, No. 1:03-cv-4012-CC, 2008 WL 11320050, at *3 (N.D. Ga. Mar. 31, 2008), to support her contention that the November 21 letter triggered the duty to preserve. However, the letter triggering the duty to preserve in *Arlotta*, which "addressed a 'matter of grave concern' to Plaintiff, . . . explicitly accused [Defendant] of misappropriating confidential and trade secret information . . . and . . . demanded an inspection of the underlying source code." This is significantly different from the November 21 letter in this case.

4. The Court finds that by February 26, 2019, the duty to preserve had attached.

IT IS SO ORDERED this 17th day of February, 2021.

Timothy C. Batten, Sr.
United States District Judge